**COLUMBUS (City) v WARD, etc. et**

Ohio Appeals, 2nd Dist, Franklin Co.

No. 3276. Decided Sept. 21, 1940.

John L. Davies, City Attorney, Columbus; Richard W. Gordon, Asst. City Atty., Columbus, and Robert J. Beatty, amicus curiae, Columbus, for plaintiff.

E. W. McCormick, 1st Asst. City Atty., Columbus, Charles S. Druggan, Columbus, and Albert M. Calland, Columbus, for defendants.

## OPINION

By GEIGER, J.

This matter is before this Court on appeal on questions of law from the judgment of the Court below. It is submitted to us on extensive briefs to which we have given close attention.

The City of Columbus, through its City Attorney, upon the written request of Robert J. Beatty, a taxpayer, brings an action against the Director of Public Safety, the Auditor and Treasurer of said municipality, in which it is recited that on January 22, 1940, an ordinance known as 385-39 was duly passed.

Four causes of action are set up, in which it is alleged the ordinance is invalid, but by stipulation of counsel the first three causes are abandoned, and there are withdrawn from the fourth cause of action certain allegations in reference to appropriations. The por-

tion of the fourth cause of action remaining for consideration is to the effect that the ordinance violates the express command of Sec. 1 of the 14th Amendment to the Constitution of the United States, and the express provision of Secs. 18 and 19 of Art. I of the Constitution of the State to the effect that no power of suspending laws shall ever be exercised except by the General Assembly; that when private property is taken for the purpose of making or repairing roads, such roads shall be open to the public without charge.

The plaintiff prays that a temporary restraining order be issued against the defendant from proceeding under any sections of the ordinance described, and that the defendants may be enjoined from paying for any labor required for carrying out the provisions of the ordinance and that upon final hearing said ordinance be declared null and void and a permanent injunction be granted.

The ordinance is set out at length and recites briefly that, "whereas the council has provided for the leasing and installation with the privilege of purchase of 1000 parking meters in the down town business section of Columbus, that it be ordained that the proper officer be authorized to designate 1000 individual parking spaces at points he deems proper, said parking spaces to be established along the curb and to be approximately 20 feet in length. At each place where individual parking spaces are so marked each vehicle shall be parked entirely within the individual parking space; that the Director of Public Service is authorized to install the leased parking meters at the curb; the person parking a vehicle in such shall deposit a five cent coin in the meter for which the parking space may be lawfully occupied by such vehicle during the period of one hour; that any vehicle which remains longer is determined to be illegally parked, provided they may be parking at certain hours and on certain days without the deposit of the parking fee.

The ordinance provides that all parking is prohibited unless the deposit is

made and that the fact that the vehicle is in the individual parking space when the time has expired shall be deemed prima facie evidence of the unlawful parking. Provisions are made by which the parking fees are to be collected and the purposes for which they may be expended are designated. Nothing in the ordinance shall be construed as prohibiting the city from providing for space for loading and unloading, for taxi stands and matters of similar nature.

The cause came on to be heard upon the pleadings, stipulation of parties, the evidence and statement of counsel and the motion of the defendants for judgment.

The Court below found that the ordinance was a valid exercise of police power for the purpose of regulating parking on the streets of the City of Columbus, and that no right of plaintiff under the Constitution of either the nation or state, or the statutes of the state or the charter of the City of Columbus was violated thereby. It was ordered that the motion of the defendant for judgment be sustained, and that the petition of the plaintiff and intervening petitioners be dismissed and the restraining order be dissolved. A motion for new trial was filed and overruled.

The appellants presented an assignment of seventeen alleged errors which may be epitomized to the effect that the Court below erred in sustaining the motion for judgment and holding that the petition and intervening petition do not state a cause of action and in dissolving the injunction and entering final judgment against the plaintiff and intervening petitioners, and in refusing to grant any of the relief prayed for; that it erred in constructing Sec. 1 of Art. XIV of the Amendments to the Constitution of the United States, §§18 and 19 of Art. I of the Constitution of Ohio, Sec. 187 of the Charter of the City of Columbus, and §3714 GC, in their application to said ordinance and its enforcement, and in finding that said ordinance will not violate any of the rights of the plaintiff or the cross-petitioner under said enumerated con-

stitutional, statutory and ordinance provisions; that the Court erred in overruling the motion for a new trial; all of which assignment of errors is asserted to be substantial and prejudicial.

Without going into detail, the appellant bases its claim of error upon several cited provisions of the federal and state Constitutions and statutes. The appellant stresses Sec. 19 of Art. I of the State Constitution providing in substance that private property shall be held inviolate, but when taken for the purpose of making or repairing roads they shall be open to the public without charge.

It is asserted that from the standpoint of the rights of the general public that the word "roads" used in the Constitution includes streets of the municipality, and that they shall be open to the public without charge, and that legislation which attempts to violate this express command is unconstitutional. In support of this, appellant cites Rowe v Cincinnati et, 117 Oh St 382, which decision holds that a lessee from an owner of property abutting upon a public street for the use of a gas pump acquires no right by virtue of his lease which entitles him to appropriate any part of such public street to use for private business purposes. It is asserted that by virtue of a contract with the Meter Company the city is leasing and is about to install the parking meters, and that in doing so it proposes to mark out spaces upon the public streets for parking purposes and charge five cents per hour for the parking, and that the city has no right or power to do this under the provisions of §19, Art. I, it being maintained that the streets are built and maintained for the purpose of travel and that the fundamental right of the general public can not be encroached upon as provided by the ordinance under review.

From the standpoint of the rights of the abutting property owners, it is urged that such abutting property owners have an easement of access to their property and that the ordinance is an unreasonable restriction of this right.

Citing O. Jur. Vol. 28, p. 616; Crawford v Village of Delaware, 7 Oh St 459. It is urged that a municipality in Ohio can not deprive an abutting property owner from access to his land or buildings. Citing further, Eisenmann v Tester, 47 Oh Ap 275.

It is claimed that as the statute imposes upon the Council the duty of keeping streets open, in repair and free from nuisance, that the ordinance violates this section.

Under the recently decided case of Rhoades v City of Raleigh, North Carolina, in which the Court of North Carolina held that under the Constitution of that state the city had no power to enact an ordinance similar to the one here under review, it is claimed that the right of the abutting property owners to unhampered ingress and egress is superior to the provisions of "parking" upon the public streets and that all ordinances regulating parking must protect the inherent rights of the abutting property owner. It is urged that the application of governmental authority and activity under the police power has been greatly extended, but that it is important that it should not be indulged so far as to materially weaken the guaranties of the Constitution. It is asserted that the installation of the meters and the marking off of parking spaces to be occupied at a price of five cents an hour would be in direct disregard of the constitutional rights of the general public and abutting property owners, and that the ordinance is unconstitutional.

On the other hand, it is asserted by the appellee that the parking ordinance is but a regulation of traffic and is necessary to properly handle the congested condition upon the streets of Columbus due to heavy down town traffic. They cite in support of their contention, Froelich v City of Cleveland, 99 Oh St 376; Perrysville v Ridgeway, 108 Oh St 245; Nichols v City of Cleveland, 101 Oh St 39; City of Baumgardner, 25 O. N. P. N. S. 20; and a number of cases decided by courts of other states.

It is asserted that there is no right in the general public to use the roads

or streets for parking without charge or regulation, and that the ordinance simply requires the payment of a fee when the user of the street seeks to park his car and imposes no burden upon one who uses the street for the purpose of travel or for taking in or letting out occupants of the car or of discharging or loading merchandise.

The Court below rendered an opinion so clearly analyzing all questions raised that we deem it unnecessary to go further into detail, but content ourselves by saying that we are in entire accord with the finding of the Court as hereinbefore indicated and fully concur in its judgment.

Judgment of the Court below affirmed. Cause remanded.

HORNBECK, PJ. & BARNES, J., concur.