ANDREWS ET AL. *v.* CITY OF MARION ET AL.

[No. 27,798. Filed April 15, 1943. Rehearing denied May 11, 1943.]

*George W. Andrews* and *Adeline Andrews,* both of Marion, for appellants.

*Condo & Caine* and *Browne, Campbell, Gemmill & Browne,* all of Marion, for appellees.

SWAIM, J.—This appeal presents the question of the constitutionality of a parking meter ordinance adopted

by the common council of the City of Marion, Indiana, for the regulation of traffic and parking in certain congested areas in said city.

The ordinance in question recited that the operators of motor vehicles were in the habit of parking the same for long periods of time in the more congested parts of the business streets of the city, which practice tended to impede traffic and constituted a danger to the travelers on said streets; and that it was the opinion of the common council of the city that the best method by which such condition might be remedied was: by the designation of individual parking spaces in said area, by providing for the use of mechanical parking time indicators for such spaces, by restricting parking in said area to reasonable intervals of time, and by compelling the operators of the motor vehicles, parking in such spaces, to pay a portion of the cost of establishing and maintaining such space and meters.

The ordinance designated certain streets in the congested area of the city as parking meter zones and authorized the board of public works and safety to mark off parking spaces along the sides of the streets in such zones, to install at each such space a parking meter and fixed a parking charge of five cents for one hour and one cent for twelve minutes. It provided that the parking meters should be placed on the curb immediately adjacent to the individual parking places.

The ordinance further provided that when a person parked a vehicle in one of such parking spaces he should deposit a coin in the parking meter which would entitle him to occupy the space during the prescribed time.

Appellants own an improved lot, twenty-two feet wide, on the public square in said city. The improvement on said lot is an office building in which the appellant, George W. Andrews, maintains his office. The

entire space along the front of the appellants' lot is marked off as parking space, pursuant to said ordinance, and one parking meter is located at the curb seven feet west of the east line of appellants' lot.

The appellants filed this action asking that said parking meter ordinance be adjudged invalid; that the city be enjoined from enforcing said ordinance and be ordered to remove said meter; and that appellants be awarded damages for the time said ordinance had been enforced.

Appellants make no serious contention that the single parking meter located in front of their lot impedes ingress and egress or constitutes an interference with their rights but they insist that the provisions of the ordinance, which require them, their friends or persons dealing with them, to pay for the privilege of parking automobiles along the curb in front of their property deprives the appellants of their property without due process of law and amounts to a taking of their property without the payment of just compensation, contrary to Section 1 of the 14th Amendment of the Federal Constitution and to Section 21 of Article 1 of the Constitution of Indiana. Appellants also insist that the ordinance is an unauthorized, unreasonable and illegal exercise of the police power in that it authorizes the city to rent parking space on the streets for a profit; that it therefore amounts to a revenue measure rather than a regulatory measure.

There can be no question that the Legislature, under the police power, may enact laws for the regulation and control of traffic on the public highways. By subsection 31 of § 48-1407, Burns' 1933, § 11432, Baldwin's 1934, the right "To regulate the use of streets and alleys by vehicles" is expressly given to the common councils of the various cities of the State.

In 1939, our State Legislature, by Acts of 1939, ch. 48, p. 289, § 27 (§ 47-1827, Burns' 1940 Replacement, § 11189-37, Baldwin's Supp. 1939) (Uniform Highway Traffic Regulation Act), provided that local authorities may "adopt additional traffic regulations, with respect to streets and highways under their jurisdiction, which are not in conflict with the provisions of this act." In the next section of said act (§ 47-1828, Burns' 1940 Replacement, § 11189-38, Baldwin's Supp. 1939), it was expressly provided that "The provisions of this act shall not be deemed to prevent local authorities, with respect to streets and highways under their jurisdiction and within the reasonable exercise of the police power from: 1. Regulating the standing or parking of vehicles." thus expressly recognizing that the parking of automobiles is an incident of motor vehicle traffic and expressly recognizing the right of the cities, within the proper exercise of the police power, to control and regulate this incident of traffic. There is nothing in the ordinance here in question which conflicts with the provisions of said Act concerning the parking of motor vehicles. § 47-2120, Burns' 1940 Replacement, § 11189-117, Baldwin's Supp. 1939.

Since the city here has the delegated power to control and regulate parking on its streets by ordinance, the only questions remaining are whether the ordinance in question: (1) deprived appellants of their property without due process or took their property without just compensation, and (2), whether it was a reasonable exercise of the police power.

When the space in front of appellants' property was originally dedicated to public use for a street the dedication was not limited to uses then actually contemplated. When land is dedicated for the use of the public as a city street, it is dedicated for

all of the ordinary purposes of a city street; not only to the uses which were ordinarily made of such streets at the time of the dedication, but also to the uses demanded by new improvements and new wants. *Magee* v. *Overshiner* (1898), 150 Ind. 127, 49 N. E. 951. In that case it was held that the use of a street for telephone wires and poles did not constitute a new and additional servitude for which the abutting owner was entitled to compensation.

After the street in front of appellants' lot was dedicated to the public use the owners of the lot, as members of the public, had the same rights as the other members of the public to the use of the street and in addition thereto had the right of ingress and egress. 29 C. J. § 263, p. 547. As the present owners of said lot the appellants have this same additional right. They insist that this includes the right for them, their visitors and persons dealing with them, to park automobiles in front of said lot without any charge. With this contention we cannot agree.

This court has never passed on the validity of a parking meter ordinance but such ordinances have been considered by many other courts which have decided all of the questions raised by the appellants adversely to appellants' contentions. We believe these decisions are based on sound reasoning. *State ex rel. Harkow* v. *McCarthy* (1936), 126 Fla. 433, 171 So. 314; *Ex parte Duncan* (1937), 179 Okla. 355, 65 P. (2d) 1015; *Harper* v. *City of Wichita Falls et al.* (1937), (Tex.) 105 S. W. (2d) 743; *Ex parte Harrison* (1938), 135 Tex. A. 611, 122 S. W. (2d) 314; *County Court et al.* v. *Roman et al.* (1939), 121 W. Va. 381, 3 S. E. (2d) 631; *Gilsey Buildings, Inc.* v. *Incorporated Village* (1939), 11 N. Y. S. (2d) 694; *Owens* v. *Owens* (1940), 193 S. Car. 260, 8 S. E. (2d) 339; *City of Columbus* v.

*Ward, et al.* (1940), 65 Ohio App. 522, 31 N. E. (2d) 142; *Kimmel* v. *City of Spokane et al.* (1941), 7 Wash. (2d) 372, 109 P. (2d) 1069; *Foster's Inc., et al.* v. *Boise City et al.* (1941), 63 Idaho 201, 118 P. (2d) 721; *City of Louisville et al.* v. *Louisville Automobile Club, Inc., et al.* (1942), 290 Ky. 241, 160 S. W. (2d) 663.

Ordinances regulating parking by prescribing limitations of time therefor, by prohibiting any parking during certain hours in certain places, by limiting parking to one side of the street or prohibiting it entirely on narrow or heavily traveled streets, have long been recognized as a valid exercise of the police power by cities. Such regulation has been found necessary to keep traffic moving, to minimize congestion in busy streets and to fairly distribute the privilege of parking among the members of the public using the street. *People* v. *Rubin* (1940), 284 N. Y. 392, 31 N. E. (2d) 501; *District of Columbia* v. *Smith* (1937), 93 F. (2d) 650. Without any limitations on parking in front of their lot the appellants here might well have had the automobiles of others parked bumper to bumper, along the entire front of their lot, throughout the entire day. Parking is considered as a privilege of the public and incidental to the use of the street for travel. When the abutting property owner parks his automobile in front of his property he does so as a member of the public and in so doing is subject to reasonable traffic and parking regulations. The abutting owner's right of ingress and egress does not include the privilege of storing his automobile in front of his property. *Harper* v. *City of Wichita Falls, supra; Gilsey Building Inc.* v. *Incorporated Village, supra.*

The right of ingress and egress includes the right to stop vehicles in front of the appellant's property for the purpose of loading and unloading passengers and

merchandise, however the ordinance does not prohibit this.

A fair interpretation of the ordinance is that it did not require a deposit of a coin in the parking meter except by one who is parking an automobile in such parking space. "Parking" means something more than a mere temporary and momentary stoppage. Merely stopping at the curb for the purpose of loading or unloading passengers or merchandise would not be parking within the meaning of the ordinance. *Village of Wonewoc* v. *Taubert* (1930), 203 Wis. 73, 233 N. W. 755. "Parking" involves the idea of using a portion of the street as a storage space for the automobile. *American Company of Arkansas* v. *Baker* (1933), 187 Ark. 492, 60 S. W. (2d) 572. The regulation of parking by this ordinance may well result in the abutting owners having more unhampered ingress and egress than they enjoyed prior to its enactment. We cannot see any rational basis for the contention that this ordinance takes the appellants' property without due process or without just compensation. *County Court of Webster County* v. *Roman, supra; Owens* v. *Owens, supra.*

The fact that the ordinance imposes a charge for parking in the public street does not make the ordinance invalid nor make it a revenue measure. A reasonable fee may be properly charged against those enjoying the privilege of parking, for the purpose of raising funds for the expense of acquiring, installing and maintaining the meters and the other expenses incidental to the enforcement of the ordinance. The charge is only incidental to the regulation of parking in this manner. The evidence does not show any substantial excess in the amount to be collected over the amount necessary to pay for the costs and expenses

of enforcement. The ordinance, therefore, cannot be held invalid as being a revenue measure. *City of Louisville* v. *Louisville Automobile Club, supra; Foster's Inc.* v. *Boise City, supra.*

The ordinance here in question was not an unreasonable exercise of the police power. In discussing the regulation of parking by mechanical meters it was said in *Kimmel* v. *City of Spokane, supra:*

> "It strikes us that the parking meter is admirably designed to accomplish that result. We fail to see what difference it can make to either the traveler on the street or to the occupant of abutting property whether the time limitations be enforced by a policeman marking cars with a piece of chalk or by a mechanical devise that registers 'Time's up' in a way that all may see. The object of both is to prevent overtime parking, and, of the two, it seems to us that the latter is more effective. With the latter, there are no minutes of grace as there are with the policeman while he is making his rounds 'marking' and 'checking up,' for the time begins to run when the car is parked, and ends when the meter registers 'Time's up.' That parking meters will diminish the vice of overtime parking, and consequently, speed up traffic, seems a certainty, for the car must be moved at the expiration of the time limited."

To support their contentions the appellants rely heavily on the case of *City of Birmingham* v. *Hood McPherson Realty Co.* (1937), 233 Ala. 352, 172 So. 114. In that case, however, the court held that the ordinance there in question was an unauthorized violation of the terms on which the streets were dedicated to the public use and accepted by the city. The court there was of the opinion that parking was an incident to the abutting owners right of ingress and egress which he had a right to enjoy without the payment of

a fee. We are unable to follow the reasoning by which the court reached this result.

We find no reversible error. The judgment is affirmed.

NOTE.—Reported in 47 N. E. (2d) 968.