ASHLEY *et al. v.* CITY OF GREENSBORO *et al.*

No. 17028.  APRIL 11, 1950.

*Miles W. Lewis* and *Joseph G. Faust,* for plaintiffs.

*Noel P. Park* and *J. S. Callaway,* for defendants.

CANDLER, Justice. (After stating the foregoing facts.) ■ The charter of the City of Greensboro confers upon its governing

authorities power to regulate traffic and the parking of vehicles on its streets, to control its streets, to appoint special policemen whenever necessary, to pass ordinances or regulations for the peace, security, health, happiness, welfare, or convenience of the inhabitants, and for the preserving of good order of said city. Ga. L. 1939, pp. 1070-1122, secs. 103, 87, 85, 28, 3. Under those charter powers, the city may provide by ordinance for the period of time of parking to be registered by mechanical parking meters and charge such sum therefor as is reasonably necessary to defray the expenses incident thereto. *Gardner* v. *Brunswick*, 197 *Ga.* 167, 172 (28 S. E. 2d, 135). The use of streets for the purpose of parking automobiles is a privilege and not a right, and the privilege of parking must be accepted with such reasonable burdens as the city may impose as a condition for the enjoyment of that privilege. *Gardner* v. *City of Brunswick*, supra. See also Owens *v*. Owens, 193 S. C. 260 (8 S. E. 2d, 339); Bowers *v*. City of Muskegan, 305 Mich. 676 (9 N. W. 2d, 889). To establish that a parking meter ordinance is a "revenue measure" and hence invalid, it must appear that the scheme of the ordinance is such that receipts will continuously and by a substantial amount exceed the cost of installation, maintenance, and regulation. Wilhoit *v*. Springfield, 237 Mo. App. 775 (171 S. W. 2d, 95); Andrews *v*. City of Marion, 221 Ind. 422 (47 N. E. 2d, 968); In re Opinion of Justices, 297 Mass. 559 (8 N. E. 2d, 179); Ex parte Duncan, 179 Okla. 355 (65 Pac. 2d, 1015); Laubach & Sons *v*. Easton, 347 Pa. 542 (32 Atl. 2d, 881).

In the instant case, the bare allegation that the parking meters were installed and are being operated for the purpose of producing revenue is accompanied by a further allegation in the same paragraph of the petition that "the result has been that they produced for the city a deficit." The petition elsewhere has allegations to the effect that, for the period of about two months during which the parking meters have been operated, the one-half of the receipts derived by the city is not sufficient to pay the salary of the policeman attending them. But the lack of profit from the operation of parking meters is not a valid reason for their removal, on a petition for that purpose brought by citizens and taxpayers. *Gardner* v. *City of Brunswick*, supra.

Cf. County Court of Webster County *v.* Roman, 121 W. Va. 381 (3 S. E. 2d, 631); Owens *v.* Owens, supra; Ex parte Harrison, 135 Tex. Crim. R. 611 (122 S. W. 2d, 314); Harper *v.* City of Wichita Falls (Tex. Civ. App.), 105 S. W. 2d, 743; District of Columbia *v.* Smith, 93 Fed. 2d, 650 (3).

■ The allegation that parking meters can not be justified as a police measure must be construed together with the attached ordinance and the recitals therein made concerning the congestion of traffic, the unsuccessful previous attempts to regulate parking in the areas, and the small number of policemen available for the direction of traffic. It is a well-recognized rule that, when the authorities of a municipality are authorized to do a thing at their discretion, the courts will not interfere to control that discretion, and inquire into the propriety, economy, and general wisdom of the undertaking, or into the details of the manner adopted to carry the project into execution. *Danielly* v. *Cabaniss,* 52 *Ga.* 211 (4); *Wilson* v. *Atlanta,* 164 *Ga.* 560, 564 (139 S. E. 148); *City of Atlanta* v. *Stein,* 111 *Ga.* 789, 791 (36 S. E. 932, 933). In the last-cited case it was said: "Certainly, they [the courts] should never undertake to substitute their judgment, in matters of judgment, for that of the city's governing authorities." See also *Chipstead* v. *Oliver,* 137 *Ga.* 483 (2) (73 S. E. 576); *Schofield* v. *Bishop,* 192 *Ga.* 732, 738, 740 (16 S. E. 2d, 714). Such action will not be interfered with unless it is arbitrary and amounts to an abuse of discretion. *City of Gainesville* v. *Dunlap,* 147 *Ga.* 344 (94 S. E. 247); *Dyer* v. *Martin,* 132 *Ga.* 445 (64 S. E. 475). Measured by the foregoing, the allegations do not raise any question of abuse of discretion.

■ It is alleged that the ordinance is unreasonable, both in its operation and by virtue of the fact that it is contrary to article 1, section 1, paragraph 3 of the Constitution of Georgia, providing that there shall be no deprivation of property without due process of law, and also violative of article 1, section 1, paragraph 2 of said Constitution, providing that protection to person and property is the paramount duty of government, and shall be impartial and complete. The basis of the asserted invalidity is that there is a systematic discrimination against property owners doing business within the parking-meter zone of said city, and certain owners of property are granted free

parking spaces for the transaction of business, while the petitioners, who are competitors of some of them, have no free parking place; and all of the petitioners' customers are required to pay a parking fee before they can do business with the petitioners, and this results to them in financial loss and inconvenience, and annoyance of their clerks, customers, and others in the petitioners' places of business. It is also alleged that the defendants have further discriminated against the petitioners, in that they have passed a resolution or ordinance or have otherwise authorized jurors, witnesses, court officials, and school-bus drivers to park their cars around the courthouse square within the parking-meter area.

The copy of the only ordinance attached to the petition or set out therein does not contain exceptions in favor' of the individuals or groups alleged in the petition as being preferred, but shows on its face that it is applicable to all persons alike. In *Gardner* v. *Brunswick,* supra, the court stated: " 'It is only in cases where laws are applied differently to different persons under the same or similar circumstances that the equal protection of the law is denied.' *Baugh* v. *LaGrange,* 161 *Ga.* 80 (2 a) (130 S. E. 69). See also *Toney* v. *Macon,* 119 *Ga.* 83, 87 (46 S. E. 80) ; *City of Valdosta* v. *Harris,* 156 *Ga.* 490 (4) (119 S. E. 625) ; *Georgia Southern & Florida Ry. Co.* v. *Adkins,* 156 *Ga.* 826 (120 S. E. 610). In the case of *Borough of Atlanta* v. *Kirk,* supra [175 *Ga.* 399, 165 S. E. 72], Mr. Presiding Justice Beck said: 'The power of courts to declare an ordinance void because it is unreasonable is one which must be carefully exercised. When the ordinance is within the grant of power conferred upon the municipality, the presumption is that it is reasonable, unless its unreasonable character appears upon its face.' He then quotes with approval from 2 Dill. Mun. Cor. 928, § 591, as follows: 'If the ordinance is not inherently unfair, unreasonable, or oppressive, the person attacking it must assume the burden of affirmatively showing that as applied to him it is unreasonable, unfair, and oppressive.' "

If an ordinance be attacked on the ground that it is unreasonable because of extrinsic facts, the facts should be alleged (*Atlantic Postal Telegraph-Cable Co.* v. *Savannah,* 136 *Ga.* 657, 71 S. E. 1115), and the courts will construe a city ordinance so

as to make it reasonable when this can be done. *City Council of Augusta* v. *Loftis,* 156 *Ga.* 77, 84 (118 S. E. 666, 670). The reasonableness or unreasonableness of a city ordinance is a question of law for the court to decide, and not for the jury, unless it depends in the opinion of the court on the existence of particular facts which are disputed. *Metropolitan Street Railroad Co.* v. *Johnson,* 90 *Ga.* 500 (7) (16 S. E. 49) ; *Schofield* v. *Bishop;* supra. As above pointed out, the only ordinance which is with the petition shows on its face that it applies to all persons alike. If there is some other ordinance containing a preferential treatment, it is not set out or attached. The only ordinance that is under attack is the one which the pleadings set out by a copy thereof. That ordinance is neither unreasonable nor violative of either of the two constitutional provisions asserted.

It is true that the courts will enjoin the unreasonable and arbitrary administration of a reasonable ordinance (*City Council of Augusta* v. *Loftis,* supra), and ordinances may be unreasonably administered to the injury of another, in which case its administration becomes void. *Loeb* v. *Jennings,* 133 *Ga.* 796, (67 S. E. 101) ; *City Council of Augusta* v. *Loftis,* supra; 37 Am. Jur. 782, § 161; Yick Wo *v.* Hopkins, 118 U. S. 356 (6 Sup. Ct. 1064, 30 L. ed. 220 (6) ). In the petition under consideration, it is not alleged that, in the instances where free parking time is allowed persons or places of business, similar circumstances prevail as to those who claim they are denied those privileges, as, for instance, that ingress and egress facilities are equal, or that such exceptions are unnecessary or arbitrary on comparable conditions. When considered with the above principles in mind, the amended petition does not make allegations sufficient to constitute an issue of unreasonable and arbitrary administration of a reasonable ordinance.

■ Vague references are made in the amended petition to a contract between the City of Greensboro and the Dual Parking Meter Company, and a prayer seeks to have it declared void. However, no copy of the contract is set out in or attached to the petition, and the meager references to it in the pleading are not sufficient to raise any question as to its validity.

■ There was no error in the judgment of the court below, sustaining the general demurrers and dismissing the petition.

*Judgment affirmed. All the Justices concur.*