## GREENWOOD *v.* CITY OF WASHINGTON.

[No. 28,688.  Filed January 3, 1952.  Rehearing denied
February 19, 1952.]

*Gray and Waddle,* of Petersburg, for appellant.

*Alvin Seal,* City Attorney, of Washington, for appellee.

BOBBITT, J.—This action involves the validity of an ordinance of the city of Washington, Indiana, being Ordinance No. 239, the title of which is as follows:

"An Ordinance Relating to Traffic and Regulating Use of Public Streets in the City of Washington, Indiana, Defining and Establishing Parking Meter Zones, and Regulating and Controlling the Time Parking of Vehicles Therein by the Use of Parking Meters, and the Establishment, Maintenance, Operation, Inspection and Control of Parking Meters, and for Enforcement of This Ordinance and Punishment for Its Violation."

The purpose of said ordinance as declared in §2 thereof is "to promote the safety of traffic upon the Streets of the City of Washington, and provide for the temporary parking of vehicles upon said streets, . . ." and to accomplish this purpose certain parking meter zones are established. The Board of Public Works and Safety is authorized by the ordinance to install parking meters within all of the zones established by the ordinance, and at such places as in the judgment of the board might be necessary to the "regulation, control and inspection of the parking of vehicles." A charge of one cent for a period of twelve minutes, five cents for a period of sixty minutes, and ten cents for a period of two hours is provided for the privilege of parking in the areas designated. Methods are provided for the policing of such meters as are installed including the parking places which they cover, and a penalty of one dollar is provided for violation of the provisions of the ordinance, if paid to the Chief of Police or city clerk within twenty-four hours after notice of such violation. The failure of the owner of the vehicle to make such payment renders him subject to the penalties provided by §12 of the ordinance, which are that anyone violating the ordinance is guilty of a misdemeanor and upon conviction thereof shall be punishable by a fine of not exceeding fifty dollars for each offense or by imprisonment in the county jail for a period not exceeding fifteen days, or both.

Section 13 of said ordinance provides as follows:

"The amount of coins required to be deposited in parking meters as provided herein is hereby levied and assessed as a fee to provide for the proper regulation, control, and inspection of traffic upon the public streets and to cover the cost of supervising, regulating, and inspecting the parking of vehicles in the parking meter zones provided for herein, the cost of placing and maintaining lines or markings, designing parking spaces in parking meter zones, and the cost of the purchase, supervision, protection, inspection, installation, control and use of the parking meters installed hereunder, and the maintenance, upkeep, and repair of said street, in the Parking Meter Zones."

Appellant was charged with the violation of said ordinance, was tried by a jury, and convicted and fined in the sum of one dollar. The sole error assigned for reversal is that the court erred in overruling appellant's motion for a new trial.

Appellant contends that said Ordinance No. 239 contravenes certain provisions of the Constitution of the State of Indiana and of the Constitution of the United States of America, and for this reason is void and of no force and effect.

As his principal ground for a new trial appellant alleges that the trial court erred in admitting said ordinance in evidence over the objection of appellant. Since a determination of the questions raised in appellant's objections to the introduction of said ordinance in evidence will also determine the validity of the ordinance, we shall first consider the questions therein presented.

*First:* Appellant contends that appellee is without authority to enact and enforce said ordinance. Acts of 1905, ch. 129, §53, p. 219, being §48-1407, Burns' 1950 Replacement, provides:

"The common council of every city shall have power to enact ordinances for the following purposes:

. . . . .

"Thirty-first. To prevent immoderate and careless riding or driving. To regulate the use of streets and alleys by vehicles, and to designate the kind of conveyance and vehicles that may not be used on certain named streets that have been improved, and designate hours for the use of such streets by certain specified classes of vehicles."

This provision expressly authorizes common councils of the various cities of Indiana to regulate the use of streets and alleys by vehicles and necessarily carries with it the authority to regulate and control the parking of motor vehicles thereon.

The regulation of the parking of vehicles has become a necessary incident to the control of modern day traffic. It is incidental to the express power granted to cities in Indiana to regulate traffic on the streets and alleys and may be so exercised even in the absence of the express authority granted by the Acts of 1949, ch. 23, being §§48-511 to 48-514, inclusive, Burns' 1950 Replacement. *Southern Railway Company* v. *Harpe* (1945), 223 Ind. 124, 131, 58 N. E. 2d 346; *Town of Argos* v. *Harley* (1944), 114 Ind. App. 290, 297, 49 N. E. 2d 552; *Gardner* v. *City of Brunswick* (1943), 197 Ga. 167, 28 S. E. 2d 135; *Miller* v. *City of Georgetown, etc.* (1945), 301 Ky. 241, 191 S. W. 2d 403.

This principle was recognized in *Andrews.* v. *City of Marion* (1943), 221 Ind. 422, 427, 47 N. E. 2d 968, where it is said:

"When the space in front of appellants' property was originally dedicated to public use for a street the dedication was not limited to uses then actually contemplated. When land is dedicated for the use of the public as a city street, it is dedicated for all of the ordinary purposes of a city street; not only

to the uses which were ordinarily made of such streets at the time of the dedication, but also to the uses demanded by new improvements and new wants."

The regulation of the parking of vehicles on the streets of a city and the imposition and collection of a reasonable, nondiscriminatory fee therefor is a proper exercise of the police power. *Andrews* v. *City of Marion* (1943), 221 Ind. 422, 47 N. E. 2d 968, *supra; William Laubach & Sons, Aplnts.* v. *Easton* (1943), 347 Pa. 542, 32 A. 2d 881.

This court in *Andrews* v. *City of Marion* (1943), 221 Ind. 422, 47 N. E. 2d 968, *supra,* held a similar ordinance valid. Many of the questions here raised were before the court in that action. It was there held that the ordinance enacted by the common council of the city of Marion was not a revenue measure; that it was a valid exercise of the police power and does not violate §1 of the 14th Amendment of the Constitution of the United States, or §21 of Article 1 of the Constitution of Indiana. The fees charged in the Marion ordinance were the same as in the ordinance here under consideration. We believe the decision in the city of Marion case was based on sound reasoning and no reasons have here been advanced to cause us to entertain contrary views relative to the case at bar.

*Second:* Appellant contends that said ordinance is a revenue measure and not a regulatory measure. Whether said ordinance is a tax or an aid to regulation must be determined by its provisions.

From a consideration of the provisions of the ordinance as hereinabove recited, it seems clear that its principal purpose is to regulate the parking of vehicles on the streets of the city of Washington and its revenue producing features are merely incidental thereto. This same question was before the court in

*Andrews* v. *City of Marion* (1943), 221 Ind. 422, 47 N. E. 2d 968, *supra,* and, at p. 430, we said:

> "A reasonable fee may be properly charged against those enjoying the privilege of parking, for the purpose of raising funds for the expense of acquiring, installing and maintaining the meters and the other expenses incidental to the enforcement of the ordinance. The charge is only incidental to the regulation of parking in this manner." See also: *Porter* v. *City of Paris* (1947), 184 Tenn. 555, 201 S. W. 2d 688; *Ex parte Homer Harrison* (1938), 135 Texas Cr. 611, 122 S. W. 2d 314; 33 Am. Jur., Licenses, §19, p. 340.

Fees similar to those provided in the ordinance here under consideration have been held not excessive in other jurisdictions. See: *Hendricks* v. *City of Minneapolis* (1940), 207 Minn. 151, 290 N. W. 428; *Hickey* v. *Riley* (1945), 177 Ore. 321, 162 P. 2d 371; *Harper* v. *City of Wichita Falls* (Tex. Civ. App., 1937), 105 S. W. 2d 743, 746.

*Third:* Appellant further contends that said ordinance violates Article 1, §3 of the Constitution of the State of Indiana in that the enactment of the ordinance interferes with his "right of conscience." This question is not discussed in appellant's brief and no authorities are cited in support thereof and, under these circumstances, it will be deemed waived.

*Fourth:* Appellant further contends that said ordinance contravenes Article 1, §8, par. 3 of the Constitution of the United States in that it undertakes to regulate interstate commerce. No authorities are cited by appellant in support of this contention. However, it is argued in his brief that:

> ". . . parking meters are located upon State Highways as well as streets where cars from out

of the State of Indiana traveling over these high-· ways and streets are regulated, and by reason thereof this ordinance is an impediment, a control and a regulation of interstate commerce."

No federal legislation covering the subject of the ordinance here in question has been called to our attention or have we on our own account been able to find any. In the absence of such legislation the State of Indiana may impose upon vehicles in interstate commerce nondiscriminatory regulations in the interest of public safety upon the highways. *Sprout* v. *South Bend* (1928), 277 U. S. 163, 72 L. Ed. 833, 48 S. Ct. 502, 62 A. L R. 45; *S. C. Hwy. Dept.* v. *Barnwell Bros.* (1938), 303 U. S. 177, 82 L. Ed. 734, 58 S. Ct 510; *Hendrick* v. *Maryland* (1915), 235 U. S. 610, 59 L. Ed. 385, 35 S. Ct. 140.

The purpose of parking meters is to assist in the control and regulation of vehicular traffic in the interest of safety and convenience of the motoring public and such control and regulation is primarily of local concern. It is important to the safety and convenience of the public within the city but is not of national importance or consequence. States may regulate such matters, in the absence of federal legislation, even though such regulation may have some effect upon interstate commerce. *Duckworth* v. *Arkansas* (1941), 314 U. S. 390, 86 L. Ed. 294, 62 S. Ct. 311, 138 A. L. R. 1144; *Phillips* v. *Moulton* (D. C. R. I. 1931), 54 F. 2d 119; *S. C. Hwy. Dept.* v. *Barnwell Bros.* (1938), 303 U. S. 177, 82 L. Ed. 734, 58 S. Ct. 510, *supra.*

A state may also impose upon motor vehicles engaged in interstate commerce a reasonable fee for the use of its highways. *Sprout* v. *South Bend* (1928), 277 U. S. 163, 72 L. Ed. 833, 48 S. Ct. 502, 62 A. L. R. 45, *supra; S. C. Hwy. Dept.* v. *Barnwell*

*Bros.* (1938), 303 U. S. 177, 82 L. Ed. 734, 58 S. Ct. 510, *supra; Interstate Busses Corp.* v. *Blodgett* (1928), 276 U. S. 245, 72 L. Ed. 551, 48 S. Ct. 230; *Clark* v. *Poor* (1927), 274 U. S. 554, 71 L. Ed. 1199, 47 S. Ct. 702; this power may be delegated to municipalities. *Sprout* v. *South Bend* (1928), 277 U. S. 163, 72 L. Ed. 833, 48 S. Ct. 502, 62 A. L. R. 45, *supra.*

What has here been said relative to highways applies with equal force to streets since a "street" is a public highway running through or within a village, town or city. *Debolt* v. *Carter* (1869), 31 Ind. 355; *State* v. *Harrison* (1904), 162 Ind. 542, 70 N. E. 877.

This ordinance of the city of Washington regulating indiscriminately, as it does, the parking of vehicles within the city limits by the use of parking meters and fixing a charge of one cent for twelve minutes parking time does not impose such a burden on, or interfere with, interstate commerce in such a manner as to be in violation of Article 1, §8, par. 3 of the Federal Constitution.

*Fifth:* Appellant, as a further ground for a new trial, says that said ordinance is invalid because its title is defective and therefore violates Article 4, §19 of the Indiana Constitution because it is indefinite, uncertain and does not embrace any provision for the collection of taxes. Appellant cites no authorities in support of this contention.

Article 4, §19 of the Indiana Constitution has no application to municipal ordinances. *Baumgartner* v. *Hasty* (1884), 100 Ind. 575, 585, 50 Am. Rep. 830; *Bowers* v. *City of Indianapolis* (1907), 169 Ind. 105, 112, 81 N. E. 1097.

Having determined that said ordinance is not a revenue measure, it is not necessary to decide other questions raised by appellant's brief.

Finding no reversible error, the judgment of the trial court is affirmed.

Gilkison, J., not participating.

NOTE.—Reported in 102 N. E. 2d 642.