## EISENMANN v TESTER

Ohio Appeals, 6th Dist, Lucas Co

No 2896. Decided March 5, 1934

Rheinfrank & Lindecker, Toledo, for plaintiff in error.

John B. Saalfield, Toledo, and Wm. H. McLellan, Toledo, for defendant in error.

## OPINION

By WILLIAMS, J.

It is now contended that this court should enter final judgment for plaintiff in error and that if this is not done, the judgment should be reversed because the verdict is not supported by sufficient evidence. These contentions of plaintiff in error are unfounded. The cause was properly submitted to the jury and we can not disturb the verdict on the ground that it is manifestly against the weight of the evidence.

It is contended that the court erred with reference to rulings on the admission of evidence regarding a rule of the Director of Public Safety prohibiting parking on the south side of Oakwood Avenue. Section 5 of Ordinance 4037 gave power to the Director of Public Safety to adopt and publish such rule. The Tester automobile was facing east and standing on the south side of the street at the time of the accident. In our judgment this rule was of no importance in the instant case; even though it existed and had been proven and offered in evidence, and was held valid, for it would not entirely prevent the use of the south side of the street. The right of an abutting owner or one claiming under him to use the street for loading and unloading materials and for purposes of delivery is an easement in the street and no ordinance or rule or legislation of any kind can deprive him of or impair that right without compensation. Testimony shows that there were signs forbidding parking on the south side of the street, but Neva Tester had a

right to deliver the articles at her father's house and to do so it was proper for her to stand her car on that side of the street, and her car was rightfully there as her mission had not yet been fully performed. The rulings on the special requests and the framing of the charge seem to have been based upon this theory of the law and in our judgment the position of the trial court was in accord with established principles of law.

There is no claim made in this case that the verdict is excessive. We have examined all of the questions made in the brief and in the argument and under §12248, GC, a reviewing court is not bound to search the record for error but is only required to examine questions made in the brief. We have examined every question so made and find no prejudicial error apparent upon the face of the record. The judgment will therefore be affirmed.

Judgment affirmed.

RICHARDS and LLOYD, JJ, concur.