FRITZ, Admr., Plaintiff-Appellee, v. NEW YORK CENTRAL RAILROAD COMPANY, Defendant-Appellant.

Ohio Appeals, Second District, Montgomery County.

No. 2059.   Decided May 8, 1950.

Baggott & Johnston, Dayton, Donald L. Ziegel, King & Young, Eaton, for plaintiff-appellee.

Routzohn, Routzohn & Nevin, Dayton, for defendant-appellant.

**OPINION**

By WISEMAN, J.

This is an appeal on questions of law from the Common Pleas Court of Montgomery County, Ohio, which rendered judgment on a verdict returned in favor of the plaintiff in the amount of $22,500.00.

This is an action for wrongful death instituted by Arthur Fritz, Administrator of the decedent, Cora Fritz, for the benefit of himself as the surviving spouse and five minor children. The decedent was killed in a railroad grade crossing accident when the automobile driven by her husband,

Arthur Fritz, in which the decedent was riding, was struck by a train operated by defendant company.

The defendant-appellant claims that the court erred in rejecting evidence which the defendant proffered to the effect that two of the plaintiff's witnesses who testified as to the speed of the train were not in a position to give reliable testimony with respect to the speed of the train. No witness is permitted to evaluate the testimony or credibility of another; this is the sole function of the jury. No prejudicial error was committed in rejecting this or any other testimony offered by the defendant.

The defendant assigns as its second and third grounds of error the overruling of defendant's motion to direct a verdict at the close of all the evidence, and defendant's motion for judgment notwithstanding the verdict, and in overruling the defendant's motion for new trial on the ground that the verdict was contrary to the manifest weight of the evidence. We do not deem it necessary to state in detail the factual development in this case. The facts, with unimportant variations, are the same as in **Knaff, Admr. v. New York Central Railroad Company, 55 Abs 193, 86 N. E. (2d) 814,** a case decided by this Court which involved the same collision. Our ruling in that case in a large measure disposes of the alleged errors in this case. In the instant case the factual development was such as to require the case to be submitted to the jury on all the issues raised. The motion for a directed verdict, the motion for judgment non obstante, and the motion for new trial, were properly overruled. We do not find the verdict to be against the manifest weight of the evidence.

The court properly overruled the motion of defendant to instruct the jury not to consider the five specifications of negligence alleged in plaintiff's second amended petition, which is made appellant's fourth assignment of error. There was substantial evidence to warrant the submission of the case to the jury on all five specifications of negligence. The fourth specification of negligence was to the effect that the crossing was "more than ordinarily hazardous." In the Knaff case the fourth specification of negligence was under consideration. In that case this Court held that there was a failure to allege sufficient operative facts to require the conclusion that the crossing was especially hazardous. In the instant case there is no such weakness in the averments. Furthermore, we hold in this case, as we did in the Knaff case, that the "two-issue rule" is applicable.

For its fifth assignment of error the defendant contends that the court erred in overruling the motion for new trial

on each and every one of the grounds set forth. Defendant under this assignment urges four separate grounds of error:

First, that the court erred in not permitting defendant's counsel to cross-examine a witness called by the defendant. The defendant contends that the witness was hostile. This matter rests within the sound discretion of the trial court. **Vol. 42 O. Jur., pages 320, 321.** An examination of the record discloses no abuse of, discretion.

Second, it is urged that the award of damages was excessive. The decedent, at the time of her death had an expectancy of life of thirty-one years, and her surviving husband twenty-seven years. She left five minor sons, ranging from eleven to nineteen years of age. There is no evidence in the record to justify the conclusion that the verdict was rendered under the influence of passion or prejudice. Under the facts in this case a verdict for $22,500.00 cannot be considered to be excessive. The defendant also contends that Arthur Fritz, the surviving husband and driver of the automobile, should not be permitted to participate in an award of damages when the evidence shows, as claimed by the defendant, that he was guilty of contributory negligence. Whether or not Arthur Fritz was guilty of contributory negligence was a jury question, and was submitted to the jury under proper instructions. The defendant submitted an interrogatory as follows: "Was Arthur Fritz guilty of contributory negligence in any of the particulars charged in the answer of defendant?" The contention urged by the defendant was effectively disposed of when the jury answered "No" to the interrogatory. With respect to the effect of an issue of contributory negligence on the part of one of the beneficiaries in an action for wrongful death see **Vol. 13 O. Jur., pp. 475, 639, 672; §10509-167 GC.**

Third, it is contended that the trial court erred in refusing to grant a new trial on the ground of newly discovered evidence. The motion for new trial was supported by affidavits and photographs taken subsequent to the trial which tend to refute the claim of the plaintiff that objects and obstructions on the railroad right of way obscured the view of the driver of the automobile as he looked in the direction of the approaching train. This evidence was cumulative and did not meet the statutory test of newly discovered evidence. **Sec. 11576 GC.**

Fourth, the defendant contends that "the record is replete with erroneous rulings of the court respecting the admission or rejection of evidence, and the special charges rejected and given, respectively, by the court, as well as the court's charge, did not state the law applicable to this case."

**212**

No further statement appears in the brief in support of this complaint. This statement is made, it will be observed, under the fifth assignment of error, which is: The court erred in overruling the motion for new trial. While we find no error to support this claim, it must be noted that the complaint is general and not specific. The appellant neither offers any argument in its brief, nor points out any particular error of the court in support of this complaint.

Under the provisions of §12223-21 GC, errors not argued may be disregarded by the reviewing court. In **Bicknell v. Evatt, 140 Oh St 492, 45 N. E. (2d) 415**, it was held that errors not argued by brief may be disregarded. In **Eisenmann v. Tester, 47 Oh Ap 275, 191 N. E. 839**, it was held that a reviewing court is not bound to search the record for error, but is only required to examine questions made in the brief. In **Hover v. Inskeep, 46 Oh Ap 438, 189 N. E. 121**, it was held that a reviewing court will not examine alleged errors unless they are pointed out in the briefs. In **Bailey v. Stedronsky, 57 Oh Ap 265, 268, 13 N. E. (2d) 588**, it was held that where certain claimed errors are not stressed in oral argument, and are not briefed, they are considered abandoned and will be disregarded.

Finding no error in the record prejudicial to the defendant the judgment is affirmed.

MILLER, PJ, and HORNBECK, J, concur.