**MASSER, d. b. a. HARRY MASSER & COMPANY, Plaintiff-Appellee, v. JOHNSON, Extrx., Defendant-Appellant.**

Ohio Appeals, Tenth District, Franklin County.

No. 5987.   Decided December 23, 1958.

Benjamin F. Levinson, Columbus, for plaintiff-appellee.
Guy R. Martin, Columbus, for defendant-appellant.

## OPINION

By MILLER, J.

This is a law appeal from a judgment of the Common Pleas Court in favor of the plaintiff and rendered upon the verdict of the jury.   In the petition the plaintiff alleges that he is the owner and holder of a certain note executed by H. J. Johnson, on which there is due and unpaid the sum of $3500 and interest; that the defendant is the duly appointed executrix of H. J. Johnson, deceased, and that said claim was duly presented to her for payment, but that the same was disallowed.

To the petition the defendant filed her answer in which she admits that Harry J. Johnson is deceased; that she is the duly appointed executrix of his estate, and that said Harry J. Johnson during his lifetime executed a note for $4000 to the plaintiff. Further pleading, the answer alleges "that said decedent, during his lifetime, paid said note to the plaintiff and there is nothing now due thereon, and defendant denies each and every other allegation in said petition contained not herein admitted to be true." The plaintiff's reply denies the payment and all other allegations contained in the answer that do not specifically admit the allegations in the petition.

The bill of exceptions reveals that at the trial the plaintiff offered the note in evidence; proof that consideration for the same was $4000, and that the sum of $500 has been paid as shown on the endorsement. Also, that there is a balance of $3500 still due and owing on the same. The plaintiff then rested and the defense offered evidence which showed the receipt of the $4000, the same being reflected in Johnson's bank statement, and then offered further proof that the note had been paid but that it had never been surrendered to the maker. In reply to this defense, the plaintiff offered evidence tending to establish the fact that two loans were made to Johnson on March 19, 1947, each for the sum of $4000; that one was made by the plaintiff's son in the morning of said date, which was evidenced by a check, and the other made in the afternoon of the same day by the plaintiff. The latter was testified to as being a cash loan and it was for this that the note was given. The plaintiff admitted the payment of the loan evidenced by the check, but contended that only the sum of $500 had been paid on the note. On the issue joined, a verdict was returned for the plaintiff in the sum of $3500 and interest.

The errors assigned are:

1. The Court of Common Pleas erred in overruling the motion of defendant-appellant for a new trial.

2. The trial Court of Common Pleas erred in exclusion of evidence offered by defendant-appellant to the prejudice of defendant-appellant.

3. The trial Court erred in his charge to the jury and to which the defendant-appellant excepted.

4. The verdict of the jury is contrary to the evidence.

Since the first assignment of error is dependent upon the other three, we will first confine our attention to assignment No. 2; that is, did the court err in excluding certain testimony upon cross-examination by the defendant?

The record reveals that the testimony to which the objections were sustained requested a witness being cross-examined to comment upon the testimony of another witness. In sustaining the objection to one of the questions, the court stated that it is not proper to propound one question to a witness which requires it to comment upon the testimony of another.

We are in accord with the court's ruling in sustaining the objection. It should also be noted that the extent to which a witness may be cross-examined as to matters merely collateral or immaterial rests largely in the sound discretion of the trial court, and we find no abuse of such

discretion. See 3 O. Jur (2d), 749, Section 770; Cowan v. Kinney, 33 Oh St 422; Shepherd v. Midland Mutual Life Insurance Company, 152 Oh St 6.

In Fritz, Admr. v. New York Central Railroad Company, 59 Abs 209, the court said at page 210:

"No witness is permitted to evaluate the testimony or credibility of another; this is the sole function of the jury. No prejudicial error was committed in rejecting this or any other testimony offered by the defendant."

We find no prejudlicial error in this assignment.

It is next urged that the court erred in its charge to the jury. In charging the jury the court stated at page 79 of the record:

"Basically since the parties have admitted the execution of the note, and since there is no dispute as to the fact that the note in question was in possession of the Plaintiff at the time of the death of the decedent, Harry J. Johnson, there is but one issue for you, the Jury, to determine and that issue simply is the issue made by the Answer as to whether or not payment has been made on said note.

"As to this issue the Defendant has the burden of proof. By burden of proof is meant the duty of producing evidence to lead you to believe that the facts are as the party who has the burden claims them to be.

"The law requires a party who permits a fact to exist to prove the existence of such fact by the preponderance of the evidence.

"By preponderance of the evidence is simply meant the greater weight of the evidence. Preponderance of the evidence does not necessarily consist in the greater number of witnesses. There might be a greater number of witnesses on one side and a lesser number on the other side and the Jury might properly find the preponderance or the greater weight of the evidence on the side having the lesser number of witnesses and, of course, the converse of that is also true. It is a matter for the judgment and the opinion of the Jury after hearing and carefully weighing all of the evidence to determine as to the basic issue here involved where the weight of the evidence lies. If the weight of the evidence is evenly balanced as to such basic issue then the party having the burden of proof of such issue in this case the Defendant having the burden of proof of such issue fails of proof."

The question here presented is whether or not the court erred in charging the jury that there was only one issue upon its determination, and that was the issue of payment. We are of the opinion that from the pleadings and evidence, payment was the only issue since the answer admitted the making of the note, and the consideration was clearly shown to have been the sum of $4000. The court, therefore, did not err in defining the issue to the jury.

Now, was the court correct in charging the jury that the burden of proof in proving payment was upon the defendant? It is true that the burden of proof rests upon the party who has the affirmative of the issue and which remains with him throughout the trial. He has the burden of establishing each and every fact which constitutes the essential elements of his case, but payment is an affirmative defense and the burden of proving this fact rests upon the defendant.

In Hurd and Long's edition of Ohio Trial Evidence, it is said at page 94, Section 5.9:

"In an action on a promissory note where the petition alleges that there is a specified amount due thereon from the defendant to the plaintiff, an answer alleging payment of the note in full is an answer setting up new matter in confession and avoidance. And if payment is denied by the plaintiff, the defendant has the burden of proof."

The question is also ably discussed in 21 O. Jur. (2d), 177, Section 156, as follows:

"The defendant has the burden of proof, in the true sense of that term, of matters pleaded which are in the nature of a confession and avoidance, such as justification for the discharge of a servant; the execution of a release of the claim sued on; accord and satisfaction; payment; failure of consideration, * * *."

In **Bear v. Bear, 29 Oh Ap 272,** the court had for consideration the burden of proof when the defense was that of a failure of consideration. It said at page 274:

"The evidence leaves no basis for contending that the promissory notes did not have a sufficient consideration when executed, but reliance is placed on a failure, or partial failure, of that consideration subsequent to the execution of the notes. The evidence does not disclose an entire failure of consideration, but at most a partial failure. Such a defense assumes that the notes were based on a sufficient consideration and were at one time enforceable, but that a defense has subsequently arisen. **That is an affirmative defense, and the burden of proof to sustain it rested upon the defendant in the trial court.**" (Emphasis ours.)

Counsel for the appellant cites **Ginn, Admr. v. Dolan, 81 Oh St 121,** but this case is not on all fours with ours for it discusses the burden of proof when the issue is a want of consideration, which is not an affirmative defense. The court recognizes that when an affirmative defense is pleaded, the burden of proof on this issue is on the defendant, saying at page 129:

"It is proper to say further, replying to a suggestion by counsel in argument, that a plea of failure of consideration, or of payment, presents a case very different from this. These defenses, as it were, confess and avoid. **They are affirmative defenses, and upon such the burden is upon the defendant from the beginning to the end, just as it is upon the plaintiff here.**" (Emphasis ours.)

It is our conclusion that the court did not err in placing the burden of proving payment upon the defendant. We have examined the entire charge and are of the opinion that it is correct in its entirety.

We are of the further opinion that the verdict is not against the manifest weight of the evidence as the jurors were the sole judges of the credibility of the witnesses and the weight to be given to their testimony, and the verdict is in accordance with the evidence offered on behalf of the plaintiff.

Finding no error in the record, the judgment will be affirmed.

PETREE, PJ, BRYANT, J, concur.