**Tanner v. P. K. Lakeview, Inc.**
*[Cite as 4 AOA 76]*

*Case No. 8-89-2*
*Logan County, (3rd)*
*Decided June 8, 1990*

*Mr. John L. Ross, Attorney at Law, 127 1/2 S. Main Street, Bellefontaine, Ohio 43311, for Appellant.*

*Messrs. Baran, Piper, Tarkowslky & Fitzgerald Co., L.P.A., Mr. Michael Heimlich, Attorney at Law, 6877 N. High Street, Suite 105, Worthington, Ohio 43085, for Appellee.*

EVANS, J.

This is an appeal from a judgment of the Court of Common Pleas of Logan County granting summary judgment in favor of appellee, P.K. Lakeview, Inc., and against appellant, Rose Tanner.

On November 16, 1985, appellant was walking along a portion of the public sidewalk abutting appellee's place of business in Lakeview, Logan County. Appellant tripped and fell on a defect which consisted of an elevation of one section of the public sidewalk above the adjacent section of approximately 2 and 1/2 inches. As a result of her fall appellant suffered a compound fracture of her left leg. Appellant was hospitalized for thirteen days and underwent two operations because of her injury.

On November 13, 1987, appellant filed her complaint alleging that the sidewalk abutting appellee's place of business was exclusively owned and controlled by appellee; that appellee was negligent in failing to maintain the sidewalk in a safe condition and that such negligence was the proximate cause of her injuries.

On November 18, 1988, appellee filed a motion for summary judgment and advanced three reasons in support thereof.

The reasons for granting summary judgment and motion to dismiss in favor of Defendants are briefly stated as follows:

"1.) Defendants did not own, or control or have the exclusive use of the sidewalk where Plaintiff allegedly fell. The sidewalk was and still is owned by the Village of Lakeview, Ohio.

"2.) Assuming arguendo, that is even if Defendants owned the sidewalk in question, which Defendant denies, the Village of Lakeview is legally responsible for Keeping and maintaining all sidewalks in the Village 'open, in repair and free of nuisance'. See Section 723.01, Ohio Revised Code.

"3.) Assuming the Court overrules reasons nos. 1 and 2, set forth above, there was no defect in the subject sidewalk nor can Plaintiff establish that even if a defect existed, Defendant had notice of such a defect."

In response to this motion for summary judgment appellant filed a memorandum in opposition with two affidavits attached. The first affidavit was from the chief of police for the Village of Lakeview. The chief stated in his affidavit that he had investigated appellant's accident on the following day, that he measured the defect over which appellant fell and found the defect to be approximately two and one half inches in extent. The chief further stated that he had witnessed on numerous occasions large lumber trucks belonging to the appellee parked on the sidewalk in front of the appellee's place of business for purposes of loading and unloading lumber and building supplies. The second affidavit also contained statements concerning appellee's repeated use of the sidewalk in front of its place of business to load and unload large lumber trucks.

Under the rules of civil procedure the complaint filed by appellant was adequate to notify appellee that appellant had tripped and fallen because of a defect in the sidewalk in front of its place of business. This information is sufficient to give the other party notice of the claim. Under the rules of civil procedure this is all that is required. The fact that appellant alleged ownership of the sidewalk in the appellee is not important because facts need not be pleaded. It is the evidence of the case which will determine the relief to which the appellant is entitled. As noted above, appellant filed opposing affidavits to the motion for summary judgment in which the repeated use of the sidewalk in question by the appellee for business purposes was introduced into the case. This evidence indicates that appellant has changed the theory of her claim from one in which the duty to maintain the sidewalk arises out of ownership to one in which the duty to maintain the sidewalk arises out of the continued use of the sidewalk as a loading area for appellee's delivery trucks. This departure from the theory of the case as set forth in the complaint is permissible under the civil rules.

"The (civil) rules make clear that a pleader is not bound by any particular theory of a claim but that the facts of a claim, as developed by the proof, establish the right to relief." McCormac, Ohio Rules Civil Practices (1970) 91, Section 5.02.

It therefore becomes clear on the state of this record that ownership of the sidewalk is not a material fact which would support a summary judgment in favor of appellee if appellant failed to establish such ownership.

The trial court granted appellee's motion for summary judgment because appellant failed to present any evidence to show ownership of the sidewalk in appellee and because even though appellant established that appellee used the sidewalk as a loading area appellant presented no evidence that this use created the defect that was the proximate cause of appellant's injury.

It is from this judgment that appellant appeals submitting two assignments of error as follows:

"THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT IN FAVOR OF APPELLEE WHEN A GENUINE ISSUE OF MATERIAL FACT EXISTED AS TO WHETHER OR NOT APPELLEE'S BENEFICIAL USE OF THE PUBLIC SIDEWALK IN FRONT OF ITS BUSINESS RESULTED IN PRODUCING THE DANGEROUS CONDITION THAT WAS THE PROXIMATE CAUSE OF APPELLANT'S INJURY.

"THE TRIAL COURT ERRED IN ALLOWING EVIDENCE TO BE SUBMITTED IN SUPPORT OF APPELLEE'S MOTION FOR SUMMARY JUDGMENT WHICH CLEARLY COULD NOT BE CONSIDERED UNDER THE PROVISIONS OF RULE 56(C) OF THE OHIO RULES OF CIVIL PROCEDURE."

Appellant's first assignment of error contends that there remain genuine issues of material fact to be resolved. More specifically, appellant argues that appellee's potential liability is not premised upon its ownership of the public sidewalk that caused appellant's injury as alleged in the complaint. Rather, appellant argues, appellee's use of the public sidewalk to load and unload trucks carrying lumber and building supplies gave rise to a duty requiring appellee to maintain that portion of the public sidewalk in a reasonably safe condition.

The owner of commercial property has a right to the reasonable use of the public streets and sidewalks abutting his property for the purpose of shipping and receiving goods. *Eisenmann* v. *Tester* (1937), 47 Ohio App. 275; *Trustees of Burton Township* v. *Tuttle* (1876), 30 Ohio St. 62. Generally, a property owner is not liable for injuries occurring on the public sidewalk abutting his property. However, this general rule is subject to three exceptions which were discussed by the court in *Crowe* v. *Hoffman* (1983), 13 Ohio App. 3d 254 (paragraph one of the syllabus), as follows:

"An owner of property abutting a public sidewalk is not liable to a pedestrian for injuries proximately caused by a defective or dangerous condition therein unless:

"(a) a statute or ordinance imposes on such owner a specific duty to keep the sidewalk adjoining his property in good repair;

"(b) by affirmative acts such owner creates or negligently maintains the defective or dangerous condition; or

"(c) such owner negligently permits the defective or dangerous condition to exist for some private use or benefit."

The record contains the affidavits of Al Haerr, Chief of Police for the Village of Lakeview, and Tim Tanner, husband of the injured plaintiff. Both of these affiants stated that they had on numerous occasions observed appellee using the public sidewalk extensively for business purposes. Appellee commonly parked large trucks completely upon the public sidewalk where they were loaded or unloaded with lumber and building supplies by a fork lift tractor.

In its judgment entry sustaining appellee's motion for summary judgment the trial court rejected the "appellant's use" theory that the defect was caused by appellee's use of the sidewalk on the basis that:

"* * * while Plaintiffs [appellants] point out that there is evidence that defendant utilized the sidewalk in a special manner for its benefit, Plaintiffs do not set forth any evidence to indicate that that alleged usage resulted in producing the dangerous condition that was the proximate cause of Plaintiff's injury."

In *Duke* v. *Sanymetal Products Co., Inc.* (1972), 31 Ohio App. 2d 78 (paragraph two of the syllabus), the court found that:

"2. A court may be warranted in holding that a genuine issue of material fact exists where competing reasonable inferences may be drawn from undisputed underlying evidence or where the facts presented are uncertain or indefinite. The resolution of such issue should be left to the

trier of facts." See also *Dupler* v. *Mansfield Journal* (1980), 64 Ohio St. 2d 116.

The record on appeal contains uncontroverted evidence that appellee used the public sidewalk extensively in the ordinary course of its business. This fact gives rise to an inference that the parking of large trucks completely on the public sidewalk while fork lift tractors loaded and unloaded lumber and building supplies could have been the cause of the defect over which appellant tripped and fell. Civ. R. 56(C) requires such an inference to be viewed by the trial court in the light most favorable to the non-movant. *Viock* v. *Stowe-Woodward Co.* (1983), 13 Ohio App. 3d 7. Accordingly, we find that this inference gives rise to a genuine issue of material facts as to whether appellee's use of the public sidewalk caused the defect which resulted in appellant's injury.

Appellant's first assignment of error is well taken and is sustained.

## II.

Appellant's second assignment of error gives rise to the issue of what evidentiary matter is properly considered by a trial court in passing upon a motion for summary judgment under Civ. R. 56(C).

Civ. R. 56(C) provides, in pertinent part, as follows:

"* * * Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, * * *, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. * * *"

This court has repeatedly held, as a general rule, that only those evidentiary matters expressly enumerated in Civ. R. 56(C) are properly considered upon a motion for summary judgment.[1] There are however specific circumstances in which evidentiary items not enumerated in Civ. R. 56(C) may be properly considered by a trial court. One such circumstance arises where an evidentiary matter is attached to an incorporated by reference in a properly framed affidavit pursuant to Civ. R. 56(E). *Biskupich* v. *Westbay Manor Nursing Home* (1986), 33 Ohio App. 3d 220. Additionally, "[f]ailure to move to strike or otherwise object to documentary evidence submitted by a party in support of, or in opposition to, a motion for summary judgment waives any error in considering that evidence under Civ. R.

56(C). *Stegawski* v. *Cleveland Anesthesia Group, Inc.* (1987), 37 Ohio App. 3d 78.

In the case *sub judice* we have four evidentiary items to consider. First, appellee submitted a plat or survey of the Village of Lakeview which was attached as exhibit "A" to appellee's motions for summary judgment. Second, appellee submitted copies of warranty deeds, as exhibits "B - E", and a letter from an attorney, Chris A. Schrader, expressing an opinion as to appellee's potential liability, as exhibit "J", to its memorandum in support of the motion for summary judgment. Lastly, appellee submitted photographs of the public sidewalk where the incident occurred which were filed with the Clerk of Courts of Logan County.

None of the evidentiary items listed above are among those enumerated in Civ. R. 56(C). Furthermore, none were submitted as attachments to a supporting affidavit. Accordingly, we find that none of these evidentiary items were proper for the trial court to consider in ruling on appellee's motion for summary judgment.

Nonetheless, we are mindful of the principle that absent affirmative proof of error offered by an appellant demonstrating that prejudicial error occurred, a reviewing court will indulge a presumption as to the regularity, validity and correctness of the trial court's proceedings. See generally, 5 Ohio Jurisprudence 3d (1978) 109, Appellate Review, Section 552. The trial court's judgment entry indicates an express reliance on the plat or survey submitted by appellee as exhibit "A" to its motion for summary judgment. However, the record does not indicate any reliance whatsoever upon the other evidentiary items in sustaining appellee's motion for summary judgment.

We conclude that the trial court did commit error prejudicial to appellant in considering the plat or survey in sustaining appellee's motion for summary judgment. Therefore, as to exhibit "A" attached to appellee's motion for summary judgment, appellant's second assignment of error is well taken and is sustained. However, due to the fact that a silent record does not demonstrate any prejudicial error, appellant's second assignment of error is not well taken and is overruled as to the remainder of the evidentiary matters.

*Judgment reversed.*

SHAW, P.J., and BRYANT, J., concur.

[1] *Walton* v. *Commercial Savings Bank* (Jan. 26, 1989), Wyandot App. No. 16-87-22, unreported; *Hess* v. *K.B.I. Corporation* (Sept. 25, 1987), Hancock App. No. 5-85-28, unreported; *Miller* v. *Hill* (Feb. 7, 1986), Hancock App. No. 5-8-37, unreported; *Vanco Machine Co., Inc.* v. *General Building & Insulation Co.* (Feb. 22, 1985), Van Wert App. No. 15-83-24, unreported; *G.A. Stevens & Co.* v. *Kenton Jaycee Housing, Inc.* (Dec. 30, 1983), Hardin App. No. 6-82-6, unreported; *York Street Christian Union Church* v. *Heritage Christian Union Church* (Feb. 4, 1981), Wyandot App. No. 16-80-5, unreported; *Willis* v. *Peabody-Galion* (April 8, 1977), Crawford App. No. 3-77-1, unreported.