[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
Valley Homes Mutual Housing Corporation ("Valley") appeals from the judgment of the trial court that dismissed with prejudice its complaint against Barbara Wildon for nonpayment of rent. Valley's complaint alleged that Wildon had not paid the $265 rent for the month of August 1999.
Valley's single assignment of error is that the trial court erred when it did not require Wildon to prove, by a preponderance of the evidence, her payment of the August rent.
During a trial to the court, the relationship between Valley and Wildon was established as being that of landlord and tenant. Wildon testified that, while she has been a tenant of Valley's for the past twenty-five years, she had rented an apartment of her own for the past two or three years. She admitted paying a $400 rental deposit. An exhibit was proffered by Valley and admitted by the trial court to establish that Valley had recorded a series of $265 monthly rental payments from Wildon.
When asked about payment of the August 1999 rent, Wildon testified that she did pay that month's rent. She testified that she bought a money order on July 27, 1999, from a Kroger store and went to Valley's office on July 28 to pay the rent. No Kroger witness testified. Wildon did not provide any documentation from Kroger to support her purchase of a money order on July 27.
Wildon testified that she brought the money order to Dorothy Dyson, an office employee of Valley at that time. Dyson testified that she remembered that Wildon had come to pay her rent with a money order around that date, but was unable to say which month's rent had been paid with the money order. Wildon was unable to provide a receipt from Valley to support payment of the August rent, nor did Valley's records show that payment had been received for that month.
At the conclusion of the trial, the court stated, "I can't find by a preponderance of the evidence it [the August rent] wasn't paid. Judgment for defendant."
Wildon claims that she did pay the August rent. Payment is an affirmative defense.[1] The Ohio Supreme Court has held that when payment is alleged by a defendant, the burden rests on the defendant to prove it.[2]
As the trial court erred as a matter of law when it effectively relieved Wildon of her burden to prove her affirmative defense of payment, we sustain the assignment of error.
Therefore, we reverse the judgment of the trial court in favor of Wildon and remand this cause for further proceedings in accordance with this judgment entry.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Doan, P.J., Winkler and Shannon, JJ.
Raymond E. Shannon, retired, of the First Appellate District, sitting by assignment.
[1] See Civ.R. 8(C).
[2] See Weber v. Billman (1956) 165 Ohio St. 431, 439, 135 N.E.2d 866,871; see, also, Sullivan v. Sullivan (1940), 66 Ohio App. 315, 318,31 N.E.2d 165, 166; Masser v. Johnson (1958), 108 Ohio App. 419, 424,157 N.E.2d 364, 367; Payne v. Moriarty (Mar. 25, 1975), Franklin App. No. 74AP-528, unreported; The Cadle Company v. Toler (May 28, 1991), Franklin App. No. 90AP-1380, unreported; Zimmerman v. Eagle MortgageCorp. (1996), 110 Ohio App.3d 762, 781, 675 N.E.2d 480, 491.