PHILLIPS ET AL. *v*. OFFICIALS OF CITY OF VALPARAISO, ETC. ET AL.

[No. 29,153. Filed June 16, 1954.]

*Ira C. Tilton,* of Valparaiso, *Thomas A. Hendrickson* and *George A. Purvis,* of Indianapolis, for appellants.

*Charles T. Clifford,* of Valparaiso, and *Link & Link,* of LaPorte, for appellees.

BOBBITT, J.—This is an appeal from an order of the trial court denying appellants' petition for a permanent injunction seeking to prevent the issuance of general obligation bonds of the city of Valparaiso for the acquisition of land to be used for off-street parking as provided by Acts 1947, ch. 288, as amended, being §48-8461 *et seq.,* Burns' 1953 Cum. Supp.

The petition attempts to allege that appellees abused their discretion and failed to use good judgment in the proceedings to provide the parking facilities and asserts that the ordinance authorizing the issuance of bonds, as well as the Act (ch. 288) under which appellees have proceeded, is unconstitutional. These questions are presented in appellants' motion for a new trial, the overruling of which is assigned as error.

Section 1 of ch. 288, Acts 1947, as amended by ch. 170 of the Acts of 1951, p. 443, §48-8461, *supra,* provides as follows:

"In addition to any and all other powers conferred by law, any city of the second, third or fourth class is hereby authorized and empowered to acquire, establish, construct, maintain, operate

and regulate municipal parking facilities for vehicles. Any real estate or personal property, or any interest therein, needed by any such city to establish, construct, maintain or operate such municipal parking facilities may be acquired by such city by gift, lease, purchase or condemnation. Funds for purposes of this act [§§48-8461— 48-8469] may be accepted as a donation, or may be appropriated from the general fund, or may be raised by the issue and sale of the bonds of the municipality, or by temporary borrowings, or acquired through the collection of charges for use of the municipal parking facilities and such limited accessory convenience as may be hereinafter authorized."

Section 2 of the 1951 amendment, being §48-8463, provides that in any city of second, third or fourth class having a plan commission, it shall conduct, or cause to be conducted, all surveys and studies necessary to determine the extent of and the need for parking facilities and their proper locations, and shall make recommendations concerning the location, plan and estimated cost of needed parking facilities to the board of public works. This section further provides that upon concurrent approval of the city plan commission and the board of public works, recommendations, plans and estimates shall be submitted to the common council.

Section 4 of ch. 170, Acts 1951, being §48-8465, provides that any city of the second, third or fourth class shall have the power to issue and sell general obligation bonds of the city "in the manner provided by law" to obtain funds necessary to carry out the purposes of the act.

Specifications numbered 2, 3, 4, 5, 6, 7, 8, 9, 10, and 11 of appellants' motion for a new trial are predicated upon the refusal of the trial court to admit into evidence certain testimony pertaining to the necessity for the parking facilities; the propriety of the price to be

paid for the land; and other matters relating to these subjects.

In specification numbered 12, appellants assert that the ordinance authorizing the bond issue is "null and void, for the reason that said ordinance is not authorized by the general law of the State of Indiana." The action of the city council in passing the ordinance here in question is specifically authorized by statute, §48-8465, *supra*.

Specifications numbered 14, 15, 16, and 17 are predicated upon an alleged abuse of discretion by the trial court. On the basis of the record these alleged grounds are without merit.

The final specifications numbered 18 and 19 are that the decision of the court is not sustained by sufficient evidence and is contrary to law. Since the burden of proof in the action herein was upon appellants, an assignment that the decision of the court is not sustained by sufficient evidence is improper. However, appellants may properly assert that the decision of the trial court denied them the relief to which they were entitled under the evidence and hence was contrary to law. *Pokraka* v. *Lummus Co.* (1952), 230 Ind. 523, 529, 104 N. E. 2d 669.

Three questions of noticeable merit are presented for our consideration.

*First:* Did the trial court err in refusing to permit the introduction of certain evidence by which appellants attempted to show that appellees had abused their discretion in the passage of the ordinance to provide for off-street parking?

Appellants rely for support of their position that the court erred in refusing such testimony upon *Stuck* v. *Town of Beech Grove* (1929), 201 Ind. 66, 163 N. E. 483; *Prunk* v. *Indianapolis Redevelopment Comm.* (1950), 228 Ind. 579, 93 N. E. 2d 171 (appeal dis-

missed, 1950, 340 U. S. 950, 95 L. Ed. 685, 71 S. Ct. 575) ; *Park Hill Development Co.* v. *City of Evansville* (1921), 190 Ind. 432, 130 N. E. 645; and *Champer* v. *City of Greencastle* (1894), 138 Ind. 339, 35 N. E. 14, 24 L. R. A. 768, 46 Am. St. Rep. 390. The three latter cases sustain the rule that when a power is specifically conferred upon the common council of a city or board of trustees of a town, but the manner of its exercise is not prescribed, the mode of employing it must be reasonable or it will be held invalid; and that a city ordinance based upon a general grant of power is open to inquiry by the courts as to its reasonableness. These are not the questions presented here, and these cases lend no support to appellants' position.

*Stuck* v. *Town of Beech Grove* (1928), 201 Ind. 66, 163 N. E. 483, *supra,* was an action to test the reasonableness of an ordinance, which prohibited the appellants from operating busses over Main Street in the town of Beech Grove when they held a certificate of public convenience from the Public Service Commission of Indiana so to do. In order to sustain their allegation of unreasonableness, appellants offered evidence to prove the condition of the other streets of the town which they would, under the ordinance, be required to use ; that Main Street was the only east and west street suitable for automobile traffic, together with evidence tending to show the general traffic conditions in the town. This court held there that this evidence was admissible on the question of the reasonableness of the ordinance. That is not the situation in the case at bar as we read the record.

Appellants in the action now before us attempted to introduce certain evidence to show an abuse of discretion. Such evidence pertained to the price to be paid for the real estate to be purchased, the location of the parking lot, and the adequacy of

present parking facilities. These were all questions wholly within the discretion of the city plan commission and the board of public works subject to the approval of the common council of the city of Valparaiso.

The law is well settled in Indiana that courts will not undertake to control the discretion of administrative boards so long as their action is not illegal, capricious or fraudulent. *Slentz* v. *City of Fort Wayne* (1954), 233 Ind. 226, 118 N. E. 2d 484; *Coleman* v. *City of Gary* (1942), 220 Ind. 446, 44 N. E. 2d 101.

The necessity and expediency of acquiring property for the establishment of parking facilities is a legislative and not a judicial question. *Slentz* v. *City of Fort Wayne, supra,* and cases there cited.

Hence the trial court did not err in excluding the evidence which might have resulted from answers to the questions set out in specifications numbered 2 to 11, inclusive.

*Second:* Is ch. 288 of the Acts of 1947, as amended, invalid as being in violation of Art. 1, §21 and §23 of the Indiana Constitution, and the Fourteenth Amendment of the United States Constitution?

Appellants assert that said ch. 288, *supra,* is unjust and unreasonable for taxpayers of Valparaiso who do not own automobiles, and to businessmen who have provided their own off-street parking facilities. This same objection might be made to the establishment and maintenance of playgrounds and swimming pools; to the establishment of municipal airports and other municipal functions, the use of which is, for obvious reasons, confined to that portion of the taxpayers who presently have use for such facilities. If appellants' contention were to become the recognized rule, no municipality would be able to furnish any service which could be, but was not currently being, enjoyed and used by all the resident taxpayers within the city.

The question of classification, under the privilege and immunities clause of the Indiana Constitution (Article 1, §23) is primarily for the legislature and does not become a judicial question unless it clearly appears that the legislative classification is not based on substantial distinctions with reference to the subject-matter, or is manifestly unjust or unreasonable. *Fairchild, Pros. Atty., etc.* v. *Schanke, etc.* (1953), 232 Ind. 480, 113 N. E. 2d 159, 163.

Similar objections were raised to the Parking Authority Law of the State of Pennsylvania[1] and, in answer thereto, the Supreme Court of Pennsylvania in *McSorley* v. *Fitzgerald* (1948), 359 Pa. 264, 59 A. 2d 142, at page 145, said:

"Those attacking the constitutionality of such a law as that which is here under consideration obviously labor under the mistaken notion that its purpose is merely to cater to the convenience of the owners and operators of motor vehicles; on the contrary its effect may be to interfere with the perhaps greater convenience of parking on the public streets; its real purpose is to promote the larger and more general good of the community by freeing the streets of the impediments and perils arising from dangerous and often intolerable conditions of traffic congestion. And since the Act is concerned with the regulation of the transportation of persons and property along the highways of the municipality, and since the evils it seeks to remedy vitally affect conditions for the transaction of business, the prevention of accidents, the effective operations of fire and police forces, and, in general, the enjoyment of many phases of city life and activities, its justification stems directly from the exercise of the police power, which is the supreme power of government." See also 8 A. L. R. 2d 376 note.

1. 53 P. S. §10271.

What was said here by the Pennsylvania Supreme Court may likewise be said about the Indiana Parking Authority Law, and we adopt the above reasoning and conclusion of the Pennsylvania Supreme Court.

The legislature may, under the police power, enact laws for the regulation and control of traffic on the public highways. *Andrews* v. *City of Marion* (1943), 221 Ind. 422, 426, 47 N. E. 2d 968.

The regulation of the parking of vehicles on the streets of a city is also a proper exercise of the police power. *Greenwood* v. *City of Washington* (1952), 230 Ind. 375, 380, 102 N. E. 2d 642.

Parking facilities, the purpose of which is to relieve congestion of the streets resulting from the use of motor vehicles in streets which obviously were not originally laid out to carry present day traffic, have a definite bearing on public safety and convenience in the use of city streets. *Wayne Village President* v. *Wayne Village Clerk* (1949), 323 Mich. 592, 36 N. W. 2d 157, 8 A. L. R. 2d 357; *State ex rel. Gordon, City Atty.* v. *Rhodes, Mayor* (1951), 156 Ohio St. 81, 100 N. E. 2d 225, 231.

That property acquired under ch. 288, Acts of 1947, and amendments thereto, *supra,* is for a public use, is established by the preamble to the act, Acts 1947, pp. 1183-1184; and to the extent that public parking facilities relieve congestion and reduce traffic hazards in the streets, they serve a public purpose.

In this age of traffic congestion the right to furnish off-street parking facilities is a necessary adjunct to the right to regulate and control traffic and the parking of motor vehicles on the public streets. *Miller* v. *City of Georgetown* (1945), 301 Ky. 241, 191 S. W. 2d 403, 405.

The enactment of ch. 288, Acts of 1947, and amendments thereto, was a valid exercise of the police power in the interest of public safety, convenience and welfare, and the need for the exercise of this power in the case at bar transcends any rights which appellants have attempted to assert under Art. 1, §21 and §23 of the Indiana Constitution.

Appellants have failed to point out in the argument section of their brief in what manner the parking facilities act violates any provision of the federal Constitution, hence any questions relating thereto are deemed waived.

*Third:* Are ordinances No. 22, being the ordinance authorizing the bond issue, and ordinance No. 23 appropriating the proceeds therefrom, unreasonable and void?

The burden was upon appellants to show that these ordinances were unreasonable and void. Aside from the unsupported statement in appellants' brief that such ordinances are unjust or unreasonable to taxpayers who do not own automobiles and businessmen who provide their own parking facilities, and the further unsupported statement that they are against public policy because they unreasonably increase the tax burden within the city, nothing has been pointed out to us by appellants, nor has our attention been called to any evidence in the record, which would sustain the charge of unreasonableness. There may be some measure of unfairness in requiring taxpayers who do not own automobiles to assist in furnishing parking lots for those who do. However, this is a matter of policy for the legislature and not for this court to determine.

The power of the courts to declare ordinances unreasonable must be carefully exercised. *Stuck* v. *Town of Beech Grove* (1928), 201 Ind. 66, 78, 163 N. E. 483, *supra.*

The authority to enact these ordinances was specifically conferred upon the city council of Valparaiso by statute.[2] It is not contended that the city council did not follow this statute.

The enactment of these ordinances was a reasonable exercise of a power specifically authorized by law, §48-8461, *et seq.*, *supra*.

They are not unreasonable and void, but on the record before use they are both reasonable and valid.

Two other errors are assigned. Whether or not they are proper assignments of error, we need not decide since the questions which they attempt to raise are covered by the motion for a new trial.

Finding no reversible error, the judgment of the trial court is affirmed.

Judgment affirmed.

Flanagan, C. J., Draper, Emmert, and Gilkison, JJ., concur.

NOTE.—Reported in 120 N. E. 2d 398.

---

2.   Section 48-8465, Burns' 1953 Cum. Supp.