IN RE: PETITION FOR ADMISSION TO BAR OF MCDONALD.

[No. 30,013. Filed January 27, 1961.]

*Douglas H. McDonald,* of Princeton, for petitioner.

ACHOR, J.—Petitioner seeks to invoke the jurisdiction of this court, as set out in Rule 3-2, to secure admission as an attorney to practice law in the State of Indiana, and, in support thereof, asserts that he has fulfilled all requirements set out in Rules 3-12, 3-13, 3-14 and 3-15, for admission on examination.

Specifically, petitioner asserts that on July 14 and 15, 1960, petitioner took the examination conducted and supervised by the State Board of Law Examiners and successfully passed said examination and received a grade equivalent to that prescribed by said Board as necessary to constitute a passing grade. Petitioner

asserts, however, that the State Board of Law Examiners has failed and refused to certify to this court the correct result of said examination with respect to this petitioner, together with their recommendation that he be admitted to the practice of law as required by Rule 3-16.

In answer to this petition, Charles C. Baker, as Secretary-Treasurer of the State Board of Law Examiners, acting for and on behalf of said Board, has filed his answer admitting the allegations of the petition, except as to rhetorical paragraphs 3 and 4, which he denied; to-wit, that:

> "3. Petitioner successfully passed said examination and received a grade equivalent to that prescribed by said State Board of Law Examiners as a passing grade or mark.
> "4. The State Board of Law Examiners has failed and refused to certify to this court the correct result of their examination, with respect to this petitioner, together with their recommendations, as required by Rule 3-16."

An oral argument has been requested. However, because there is agreement regarding the factual basis of the controversy, and because the relevant facts are in the files of the Secretary of this court and are a matter of record of which we will take judicial knowledge, and because these facts are very limited it seems that no good purpose will be served by granting the request for oral argument. Therefore, the request is denied.

It appears from the record in this matter that petitioner with 117 other applicants took the examination on July 14 and 15, 1960, for admission to the Bar as alleged and that the examination books of the applicants—with the applicants being identified not by name

but by number only—were assigned to the members of the Board and graded by them. These grades were returned to the Assistant Secretary of the State Board of Law Examiners, who is also Secretary to this court, on August 24, 1960. Thereafter, on August 25, according to custom of the Board, the Board, by its Assistant Secretary, published the names of the 112 persons who had successfully passed said examination and received a grade equivalent to that required by the Board as a passing grade.

Thereafter one of the members of the Board asked for and received from the Assistant Secretary the examination books of the petitioner, which he re-graded and thereupon informed the full Board that he had increased the grade or mark of this petitioner, whose grade thus increased met the total requirement of the State Board of Law Examiners as constituting a passing grade.

However, the Board, on considering the full matter as above indicated, refused to certify this petitioner to this court as having complied with the requirements of the Board for admission to the Bar, as indicated by the answer of the Secretary-Treasurer of the Board.

The onerous question this court must decide is whether we will accept the decision of the Board or whether we will overrule it, under the circumstances here presented. Our decision must be guided by the fact that for many years it has been the custom and established procedure of the Board to consider that upon the publication of the results of the examination by an authorized representative of the Board the same shall be considered conclusive and binding upon both the applicants and the Board. We acknowledge that this practice adopted by the Board is reasonable and necessary in order to

avoid the injection of personalities into the actions of the Board, and that the decisions of the Board may be made final in both a judicious and orderly manner, which final determination is subject to review only by the full Board, based upon patent errors in the proceedings prior to such publication, and subsequent review by this court.

The reasonableness and necessity of the above stated rule, which provides a terminal point to the action of the Board, is demonstrated by the fact that, except for the rule, a single member of the Board could not only *increase* the grade of an applicant after publication, he could also with equal cause and propriety *decrease* the grade of an applicant and thus cause him to fail the examination even though the full Board had publicly announced that he had successfully passed the same.

The general rule is well established that this court will not disturb the decision of administrative boards unless the action of such boards is shown to be arbitrary or capricious or void because of other illegality. *Phillips, et al.* v. *Officials of Valparaiso, etc., et al.* (1954), 233 Ind. 414, 120 N. E. 2d 398; *Slentz, et al.* v. *City of Fort Wayne, et al.* (1954), 233 Ind. 226, 118 N. E. 2d 484. Although the Board of Law Examiners is appointed by this court, we see no reason why this court should adopt a different rule with regard to the administrative function imposed upon it. If there is disagreement among members of the Board regarding the procedure which it employs, the matter should be resolved within the Board itself.

There is no showing or contention made to the court that the decision of the Board as herein presented was either arbitrary or capricious and therefore it is the opinion of this court that the decision of the Board must be affirmed.

Petition denied.

Bobbitt, C. J., Jackson and Landis, JJ., concur.

Arterburn, J., dissents with opinion.

## DISSENTING OPINION

ARTERBURN, J.—The petitioner asks to be admitted to the bar of this court in his petition on the ground that:

"3. Petitioner successfully passed said examination and received a grade equivalent to that prescribed by said State Board of Law Examiners as a passing grade or mark.

"4. The State Board of Law Examiners has failed and refused to certify to this court the correct result of their examination, with respect to this petitioner, together with their recommendations, as required by Rule 3-16."

The facts as we gather them in this case are that each of the five members of the State Board of Law Examiners prepare questions in separate fields of the law for the examination and that each, following the examination, grade those papers for which they separately have prepared the questions. The board accepts the grading of each member. In this particular examination the passing mark was a total of 240 points. When the grades of each member of the Board of Law Examiners were sent to the secretary following the examination in July, 1960, this petitioner had received 239 points and two other applicants had received 239 points and 238 points. It also appeared that as soon as these grades came in and they were totaled, the secretary of the board immediately notified the board members of totals and also those applicants who had received 240 or more points as passing.

The difficulty here stems from the fact that following the examination the board did not meet to review

the total results of the examination and review any of those papers where an applicant was on the margin of within a point or two of the passing mark, and the further fact that after the applicants are notified of their grades, there is no admitted remedy of appeal or review to correct errors or mistakes of the board because of an alleged custom.

One of the board members states that at the previous examination he had informed the entire board that he felt those marginal cases (where the grades were within a point or two of passing) should be reviewed by the entire board before the applicants were notified, as an assurance against any injustices being done. That procedure was not followed in this case. However, this particular board member, as soon as he received notice of the total grades, notified the secretary to send back to him the papers (assigned to this board member for grading) of the three applicants that were within one or two points of the passing mark, for review. In the meantime, the notification had gone out to those who had passed and those who had failed. This board member regraded the three marginal papers and raised them a point or two sufficient for passing and so notified the secretary and other board members. The other board members refused to accept his regrading, not however, on the ground that it was inaccurate, but upon what appears to me to be technically an arbitrary reason, namely, that those who had passed or not passed had been notified; that since the names of the applicants were now known, no papers could be regraded or reviewed for error.

Although anonymity of those applicants whose papers are being graded is to be commended and is a good shield against criticism of favoritism, yet the knowledge of who is involved should not deter or

prevent a review for correction of error for fear of such criticism. No grading system is infallible. If an injustice has been done or an error comitted, the fact that the party is known is not sufficient ground to refuse a review for him. Courts and judges every day know the parties involved and still cannot refuse to review or make a decision on that ground.

So far as custom and practice is concerned, the board has always accepted as final the grading of the books assigned to the board member who prepared the questions in that field. One other board member states that before the grades were finally sent in by him in this examination, he regraded all the books assigned to him and raised them a certain number of points because he thought his grading had been too strict. This regrading apparently was accepted without question by the board, since it was done before the applicants were notified. The question here presented is, does an applicant, after he has been notified and for the first time is aware of his grade, have any opportunity for a review for correction of error? It seems to me that the three applicants (who had marginal grades), including this petitioner, have such a right, and that this petitioner has shown an arbitrary refusal of the board to accept the final grading assigned to one member of the board of certain books which would give him a passing grade. On the other hand, there is no showing of any error or mistake by such board member in his final grading.

Because of my past experience, I am not unaware of the difficult and onerous burden cast upon members of the Board of Law Examiners in performing their duties. I have no doubt of their integrity and sincerity in their work, but I nevertheless feel as firmly that regardless of the burdensome responsibilities connected with their duties, applicants are entitled, after they are

aware of their failure, to an opportunity to have a review and correction of any errors. That is a fundamental principle of our law which I am unable to ignore. *Warren* v. *Indiana Telephone Co.* (1940), 217 Ind. 93, 26 N. E. 2d 399.

NOTE.—Reported in 171 N. E. 2d 691.