404 N.E.2d 47 (1980)
STATE OF INDIANA ON THE RELATION OF EARL NEWTON, Jr., Plaintiff-Appellant,
v.
BOARD OF SCHOOL TRUSTEES OF THE METROPOLITAN SCHOOL DISTRICT OF WABASH COUNTY, Defendant-Appellee.
No. 3-878A196.
Court of Appeals of Indiana, Third District.
May 14, 1980.
*48 Richard J. Darko, Bingham, Summers, Welsh & Spilman, Indianapolis, Richard K. Helm, Rockhill, Kennedy, Pinnick, Sand, Bent & Pequinot, Warsaw, for plaintiff-appellant.
Charles R. Tiede, Plummber, Tiede, Magley, Metz & Downs, Wabash, for defendant-appellee.
GARRARD, Presiding Judge.
On May 27, 1975, the Board of School Trustees of the Metropolitan School District of Wabash County (hereinafter referred to as the school board) cancelled the employment contract of Earl Newton, Jr., a tenure teacher. The only finding made by the school board was that the reasons given by the staff recommending cancellation of the contract had been proven.[1]
Newton brought an action to mandate reinstatement and secure back pay in accordance with IC XX-X-XX-X and for damages for the injury to his reputation and professional standing. Newton alleged that the school board had failed to comply with the statutory requirements of IC XX-X-XX-X and with due process. The trial court found for the school board and this appeal followed.
Because of our disposition, we need address only one of the issues raised on appeal. The issue is whether the school board was required to make written findings of fact on which its decision is based.
The statute under which the school board cancelled Newton's contract, IC XX-X-XX-X, does not explicitly provide for the requirement of written findings. Nor is the school board required to make findings by the Administrative Adjudication Act, IC 4-22-1-1 et seq. Tippecanoe Valley School Corp. v. Leachman (1970), 147 Ind. App. 443, 261 N.E.2d 880. Nevertheless, the existence of such findings is essential to preserve the limited scope of a reviewing court's inquiry. "The absence of findings invites a reweighing of the evidence on review, thereby paving the way for judicial intrusion into matters committed to administrative discretion... ." Yunker v. Porter County Sheriff's Merit Board (1978), Ind. App., 382 N.E.2d 977 at 982. An administrative body[2] has the duty to make a finding of the pertinent facts on which its decision is based in order to facilitate judicial *49 review whether or not such findings are specifically required by statute. Carlton v. Board of Zoning Appeals (1969), 252 Ind. 56, 245 N.E.2d 337; Stokely-Van Camp, Inc. v. State Board of Tax Commissioners (1979), Ind. App., 394 N.E.2d 209; Yunker v. Porter County Sheriff's Merit Board, supra.
In the case at hand, the only finding made by the school board was that the reasons given for cancellation of Newton's contract had been proven. Unlike the situation in Connell v. City of Logansport (1979), Ind. App., 397 N.E.2d 1058 this finding is not made sufficiently specific by construing it together with the charging specifications since in them the school board failed and refused to advise Newton specifically of the conduct it deemed to constitute "insubordination, neglect of duty and undermining the public confidence in the normal education process." The findings of the board were therefore insufficient.
The judgment of the trial court is therefore reversed and the case is remanded with instructions to remand the case to the school board with directions to make adequate findings of fact or in the alternative grant appellant a new hearing.
Reversed and remanded.
HOFFMAN and STATON, JJ., concur.
NOTES
[1] The reasons given were insubordination, neglect of duty, and undermining the public confidence in the normal education process by refusing to follow established procedures.
[2] The school board acted as an administrative body when it heard the charges against Newton. Doran v. Board of Education et al. (1972), 152 Ind. App. 250, 283 N.E.2d 385, 285 N.E.2d 825.