**SOUTH BEND COMMUNITY SCHOOL CORPORATION, Appellant (Plaintiff and Counter-Defendant),**

v.

**NATIONAL EDUCATION ASSOCIATION–SOUTH BEND and Richard E. Schweizer, Jr., Albert De Rue, Rosanna Lykowski and Stephen Kosana, individually and as representatives of a class of persons, too numerous to name, who are similarly situated to such individual Defendants and who are joined herein as additional Defendants, Appellees (Defendants and Counter-Plaintiffs).**

No. 3–682A113.

Court of Appeals of Indiana, Third District.

Feb. 1, 1983.

John P. Price, Wayne O. Adams, III, Joseph H. Hogsett, Robin L. Babbitt, Bingham, Summers, Welsh & Spilman, Indianapolis, for appellees.

HOFFMAN, Presiding Judge.

On August 15, 1980, the South Bend School Corporation through the Board of School Trustees (Trustees) entered into a collective bargaining agreement with the National Education Association-South Bend (NEA–SB). The collective bargaining agreement was incorporated by reference into all the contracts of the individual teachers of the South Bend school system. Effective at the beginning of the 1980–81 school year, the agreement was to terminate at the end of the 1982–83 school year.

In the summer of 1981 it became apparent that the school would have financial difficulties amounting to a $6.8 million deficit. The Trustees went before the Tax Control Board and requested additional funding for the 1981–82 school year. Additional funding by the State Board of Tax Commissioners narrowed the deficit to $3.8 million. The Trustees petitioned the Tax Board again requesting all emergency financial relief available. This request was denied leaving the Trustees with the unenviable position of having to decide what items to cut from the budget to reduce the deficit.

Subsequently in July 1981, the Superintendent of the School Corporation notified the Executive Director of the NEA–SB of the deficit and requested that the collective bargaining agreement, then in its second year, be opened and renegotiated. This request was refused. On November 3, 1981, the School Corporation filed a complaint in St. Joseph Circuit Court seeking a declaratory judgment finding the collective bargaining agreement and individual teachers' contracts void. As a basis for its suit the School Corporation alleged that the collective bargaining agreement and contracts were illegal for the reason that they provide for deficit financing in contravention

Bruce R. Bancroft, David R. Melton, Barnes & Thornburg, South Bend, James A. Strain, Indianapolis, for appellant.

of Ind.Code § 20–7.5–1–3. On December 21, 1981 the Trustees had a meeting and decided to make unilateral changes in the collective bargaining agreement and contracts. These changes involved a reduction in wages and cancellation of a dental plan. The School Corporation also filed an amended complaint on December 21.

The defendant NEA–SB filed its answer and counterclaim on December 23. In its counterclaim the NEA–SB prayed for a preliminary and permanent injunction preventing the School Corporation from implementing the proposed unilateral changes. The court made special findings of fact and conclusions of law which have been incorporated into the statement of facts recited above. The injunction was granted, and the collective bargaining agreement and contracts were held valid and binding. This appeal results.

The School Corporation raises several issues on appeal:

(1) whether the trial court lacked subject-matter jurisdiction over the controversy for the reason that it was an administrative adjudication by the Board of School Trustees and the appeal was not perfected in accordance with the Administrative Adjudication Act (AAA), Ind.Code § 4–22–1–1 *et seq.* (Burns Code Ed.);

(2) whether the trial court lacked subject-matter jurisdiction to hear this controversy or whether the court's determination was contrary to law since it failed to find the Board of School Trustees acted arbitrarily, capriciously, or abused its discretion;

(3) whether the trial court erred in finding the collective bargaining agreement and teachers' contracts valid when the contracts were a cause of the School Corporation's deficit in contravention of Ind.Code § 20–7.5–1–3 (Burns Code Ed.); and,

(4) whether Ind.Code § 20–7.5–1–3 as interpreted by the School Corporation is unconstitutional for the reason that it impairs citizens' rights to enter contracts pursuant to the U.S. Const.

Art. 1, § 10, cl. 1, and Indiana Constitution Art. 1, § 24.

In its first issue appellant contends that the Board of School Trustees' decision to make unilateral changes in the collective bargaining agreement was an administrative adjudication subject to the AAA, Ind. Code 4–22–1–1 *et seq.* Appellant argues that a Board of School Trustees is an administrative agency of the state subject to the AAA and urges this Court to overrule its earlier decision in *Tippecanoe Valley School Corp. v. Leachman* (1970), 147 Ind. App. 443, 261 N.E.2d 880.

In *Tippecanoe Valley* this Court held that the AAA does not apply to school boards since they are agencies of less than state-wide jurisdiction. The court has not waivered from this reasoning whether the matter involved a school board, a sheriff's merit board, or a zoning board. *State ex rel. Newton v. Bd. of Sch. Trustee, etc.* (1980), Ind.App., 404 N.E.2d 47; *Tippecanoe County Area, etc. v. Sheffield Dev'rs* (1979), Ind. App., 394 N.E.2d 176; *Yunker v. Porter County Sheriff's Merit Bd.* (1978), Ind.App., 382 N.E.2d 977; *Doran v. Bd. of Education et al.* (1972), 152 Ind.App. 250, 285 N.E.2d 825.

■ These cases clearly illustrate the limited applicability of the AAA. Agencies of less than state-wide jurisdiction are not covered by the act nor should they be. Agencies local in nature such as the ones in the above-listed cases should not be bound by the formal rules intended for larger state agencies. Appellant's arguments do not persuade this Court to abandon the reasoning of *Tippecanoe Valley* or the host of other cases decided in this area. Therefore, the AAA does not apply to agencies of less than state-wide jurisdiction and specifically does not apply to actions taken by a local school board.

In the alternative appellant in its second issue contends that the court lacked subject-matter jurisdiction to hear this controversy because it failed to find that the Trustees acted arbitrarily, capriciously, or in abuse of its discretion. Appellant has

joined two separate concepts to make one errant statement of the law. This misstatement finds its birth in decisions rendered by courts which have confused the issue with imprecise language in their decisions.

■ Decisions of an administrative agency are reviewable when their determination imposes an obligation upon or denies a right of any person. *Downing et al. v. Bd. of Zon. App.* (1971), 149 Ind.App. 687, 274 N.E.2d 542. A person has a constitutional right to have available judicial review of an order rendered by an administrative agency as a matter of due process. *State ex rel. State, etc. v. Marion Superior* (1979), Ind., 392 N.E.2d 1161; *Salk v. Weinraub* (1979), Ind., 390 N.E.2d 995.

It is only when deciding whether an administrative order must be *overturned* that the court is concerned with determining that the agency abused its discretion. *In re Petition of McDonald* (1961), 241 Ind. 239, 171 N.E.2d 691; *Slentz, et al. v. City of Fort Wayne, et al.* (1954), 233 Ind. 226, 118 N.E.2d 484. Further, a court need consider overturning an administrative order only when called upon to review such an order. However, the controversy before us is not couched in terms of review of the administrative decision of the School Board and thus not reviewable under such a standard.

■ It is a simple matter of syllogistic logic to conclude that a court is not being requested to review action taken by an administrative agency when the court's jurisdiction is invoked prior to the action taken by the agency. In the case at bar appellant filed its complaint on November 3, 1981. The action taken by the School Board which is allegedly being reviewed did not occur until December 21, 1981. Thus, this is clearly not a question of review of an administrative action.

■ One final point must be raised in this area. A complainant who seeks the jurisdiction of the court cannot be heard to complain that the court lacks jurisdiction in the matter when the justice rendered is not to the complainant's satisfaction. *Robertson v. Smith et al.* (1891), 129 Ind. 422, 28

N.E. 857; *Lyon v. Lyon* (1979), 174 Ind.App. 597, 369 N.E.2d 649. In the extant case appellant sought jurisdiction of the court requesting a judgment declaring the collective bargaining agreement void. Once the court entered its order holding the contract valid, appellant argues that the court lacked jurisdiction over the matter. The court clearly had jurisdiction to hear this matter.

Next, appellant alleges that the trial court's decision effectively determines that Ind.Code § 20–7.5–1–3, as interpreted by the Board of School Trustees, is unconstitutional. According to appellant the trial court's decision at best renders this provision of the code a nullity.

It is the position of appellant that the collective bargaining agreement entered into by the Trustees and the NEA–SB provides for deficit financing in contravention of Ind.Code § 20–7.5–1–3. This code provision makes it illegal for any school corporation to enter a contract which "provides for deficit financing." Although this controversy raises questions of first impression in Indiana, similar issues have been resolved by the Commonwealth Court of Pennsylvania. Appellant places great reliance on this Pennsylvania decision urging this Court to adopt the reasoning forwarded in that case. *Philadelphia Federation, etc. v. Thomas* (1981), 62 Pa.Cmwlth. 286, 436 A.2d 1228.

In *Philadelphia Federation of Teachers* (PFT) a factual situation arose nearly identical to the circumstances in the case at bar. Pennsylvania, like Indiana, has a statute which requires the school boards of its state school system to operate within a balanced budget. Pennsylvania constitutionally prohibits its school boards from raising revenues, requiring that they seek funding from a tax board. Indiana similarly constrains the revenue raising powers of its school boards by requiring that their budget process be controlled by a County Board of Tax Adjustment, School Property Tax Control Board, and State Board of Tax Commissioners.

The Philadelphia Board of Education entered a multi-year contract with the teachers' union. This agreement was adopted by

reference into the individual teachers' contracts. Prior to entering the second year of the collective bargaining agreement, it became apparent to the school board that expenditures would exceed revenues. The school board, in its discretion, cut back expenditures in many areas of student services before approaching the teachers. Budget cuts were made in the area of teachers' salaries and benefits which violated terms of the collective bargaining agreement.

The teachers refused to make concessions in the area of their wages and benefits and went on strike against the school. The school board seeking an end to this turmoil filed a complaint seeking an injunction ending the strike and a judgment ordering the teachers back to work. The court found for the school board.

The court stated:

"Although believing that they had executed a binding two-year Agreement in the fall of 1980, in actuality, no such enforceable *two year* agreement ever existed. Rather, we conclude that the agreement constituted a severable contract with each year subject to a condition precedent, that is, that the funding of the contract by the independent legislative bodies over which neither party had any actual control, would be forthcoming.

"In 1980, the condition was fulfilled by a legislative appropriation which was adequate to fulfill the terms and conditions of the 1980–81 agreement. When the condition was met, the parties' respective duties arose, which were substantially carried out with a minimum of labor strife.

"In the second year, the legislative bodies, in exercising their independent judgment, authorized insufficient revenues to fulfill the condition precedent to the 1981–82 agreement. Since the condition was never fulfilled, mutual obligations never came into being and no dities [sic] were owed by either the Board or the PFT in the 1981–82 fiscal year." (Original emphasis.) (Footnotes omitted.)

*Philadelphia Federation, etc. v. Thomas* (1981), 62 Pa.Cmwlth. 286, 436 A.2d 1228, at 1233.

The Pennsylvania Court never addressed the constitutional issues raised in this appeal.

Unlike the Philadelphia school board the Board of Trustees for the South Bend school did not clearly establish where its budget cuts were implemented. The Trustees made nothing more than a bald statement that they had made all feasible budget cuts, and the only expense remaining to be cut was the teachers' salaries. The expenses of the teachers' salaries are a portion of the general fund. This general fund also covers numerous other expenses including equipment, maintenance, extracurricular activities, and other miscellaneous items. No attempt was made by the Trustees to prove which areas of the budget were cut. In this light it cannot be said that the Trustees proved that the teachers' contract was *the expense* within the general fund which "provides for deficit financing."

■ In an action for declaratory judgment the party who seeks the judgment must carry the burden of proving its propriety. *Rosenbaum Bros. v. Nowak Milling Corp.* (1943), 222 Ind. 108, 51 N.E.2d 623. This Court finds that appellant has failed to carry that burden. Therefore the trial court's refusal to grant declaratory judgment for the Trustees was proper.

■ Appellees contend that the Trustees' interpretation and application of Ind.Code § 20–7.5–1–3 is unconstitutional because it impairs the freedom of teachers to enter contracts with school boards. A party who seeks to have a statute declared unconstitutional as impairing his freedom to enter contracts must affirmatively establish that the statutory provision impairs his contractual rights. *Walsh v. Soller* (1934), 207 Ind. 82, 190 N.E. 61. Further, the Legislature may prohibit contracts against public policy so long as it does not impair previously existing legal contracts after rights have vested. *Gonser v. C.I.T. Financial Services, Inc.* (Bkrtcy.Ind.1981) 16 B.R.

555; *Pulos v. James; James v. Bailey* (1973), 261 Ind. 279, 302 N.E.2d 768.

 This statutory provision does not impair teachers' ability to bargain collectively granted by Ind.Code 20–7.5–1–1 *et seq. Weest v. Bd. Sch. Comm'rs et al.* (1974), 162 Ind.App. 614, 320 N.E.2d 748. However, this right to bargain collectively is not limitless. Subjects of collective bargaining are clearly set out in the applicable statutory provisions.[1] Nowhere within these provisions are the parties granted the inviolable right to enter a multi-year contract, and nowhere are they granted the right to enter an illegal contract.

The parties are free to enter employment contracts within the parameters set by our Legislature intended to protect the fiscal integrity of the state. Under our current laws public bodies are not treated the same as private businesses. People who enter contracts with officers of public bodies are charged with the knowledge of the limitations of that officer's authority. Therefore, parties entering a contract with a public officer bear the risk of loss if that contract is beyond the scope of the officer's authority. *Board of School Comm. v. State ex rel. Wolfolk* (1936), 209 Ind. 498, 199 N.E. 569; *Honey Creek School Township v. Barnes et al.* (1889), 119 Ind. 213, 21 N.E. 747.

For the reasons stated above the judgment of the trial court is affirmed.

Affirmed.

GARRARD and STATON, JJ., concur.

---

1. Ind.Code § 20–7.5–1–4 (Burns Code Ed.):
   "Subjects of bargaining.—A school employer *shall bargain collectively* with the exclusive representative on the following: salary, wages, hours, and salary and wage related fringe benefits."
   Ind.Code § 20–7.5–1–5 (Burns Code Ed.):
   "Subjects of discussion.—(a) A school employer shall discuss with the exclusive representative of certificated employees, and *may but shall not be required to bargain collec-tively,* negotiate or enter into a written contract concerning or be subject to or enter into impasse procedures on the following matters: working conditions, other than those provided in section 4[20–7.5–1–4]; curriculum development and revision; textbook selection; teaching methods; selection, assignment or promotion of personnel; student discipline; expulsion or supervision of students; pupil-teacher ratio; class size or budget appropriations[.]" (Emphasis added.)