450 N.E.2d 1006 (1983)
EASTBROOK COMMUNITY SCHOOLS CORPORATION AND ITS BOARD OF SCHOOL TRUSTEES, Appellants (Plaintiffs below),
v.
INDIANA EDUCATION EMPLOYMENT RELATIONS BOARD, Victor P. Hoehne, Chairman, Eas Rook Classroom Teachers Association and John Pierce, Appellees (Defendants below).
No. 2-781A219.
Court of Appeals of Indiana, Second District.
June 14, 1983.
Transfer Denied September 19, 1983.
Arden W. Zobrosky, Marion, for appellants.
*1007 Richard J. Darko and Kevin O. Faley, Bayh, Tabbert & Capehart, Indianapolis, for appellees Eastbrook Classroom Teachers Ass'n and John Pierce.
Linley E. Pearson, Atty. Gen., Joseph N. Stevenson, Deputy Atty. Gen., Indianapolis, for appellee Indiana Educ. Employment Relations Bd.

UPON PETITION FOR REHEARING
SULLIVAN, Judge.
In footnote 2 of our April 5, 1983 opinion, 446 N.E.2d 1007, we stated:
"... We are cognizant of the rather precise salary schedules with which a school corporation must comply, and to the statutory restrictions on its expenditures. I.C. 20-6.1-5-1 et seq. (Burns Code Supp. 1982). See also I.C. 20-5-2-2(7), (13) and (19); 6-1.1-19-1 et seq. (Burns Code Supp. 1982). Moreover, the Collective Bargaining Act prohibits the school employer from entering into any agreement that would place such employer in a position of deficit financing. I.C. 20-7.5-1-3 (Burns Code Ed. 1975). Deficit financing `with respect to any budget year shall mean expenditures in excess of moneys legally available to the employer.' I.C. 20-7.5-1-2(q).
Unless the legislature expressly allocates funds for additional compensation, we cannot usurp this role through judicial legislation. See Frost v. Review Board of the Indiana Employment Security Division (2d Dist. 1982) Ind. App., 432 N.E.2d 459, 461. Nor can we compel the school board to bargain with the ECTA for the purpose of reaching an agreement that might place the employer in a position of deficit financing."
In their Petition for Rehearing, Appellees contend that the statement is in conflict with South Bend Community School Corp. v. National Education Association-South Bend (3d Dist. 1983) Ind. App., 444 N.E.2d 348:
"In the instant case, this court stated that it cannot compel the school board to bargain with the Teachers Association for the purpose of reaching an agreement that might place the employer in a position of deficit financing. (Page 11, Footnote 2.) However, in South Bend Community School Corporation, this court held that a local school corporation must prove that the teachers contract was the expense within the general fund which provides for deficit financing before a collective bargaining agreement and individual teachers contracts may be declared void under I.C. 20-7.5-1-3. Hence, before this court will determine that a school corporation is in a position of deficit financing, to the extent that parts of a collective bargaining agreement will be voided, the school corporation, according to South Bend Community Corporation, will be required to prove that it had no money left. This is in sharp contrast to the statement of this court which strongly suggests that the budgeting process itself can place a school corporation in a position of deficit financing."
Inasmuch as the discussion of deficit financing was gratuitously inserted in our opinion of April 5 and is not essential to the holding, we need not determine whether the South Bend Community School Corporation case is distinguishable or whether we agree with its determination in this regard. Rather we choose to delete the above quoted portion of the footnote from our earlier decision.
It is so ordered. The petition for rehearing, however, is denied.
BUCHANAN, C.J., and SHIELDS, J., concur.